McSWEENEY, Appellant,

v.

McSWEENEY, Appellee.

[Cite as *McSweeney v. McSweeney* (1996), 112 Ohio App.3d 355.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APF 12–1592.

Decided July 2, 1996.

*Charles W. Gayton,* for appellant.

*Robert D. Cohen,* for appellee.

REILLY, Judge.

Appellant, Daniel F. McSweeney, appeals from a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, sustaining the motion for relief from judgment of appellee, Daphne L. McSweeney, and vacating the parties' decree of dissolution. Appellant presents the following assignments of error:

First Assignment of Error

"The trial court erred, as a matter of law, in determining that it was proper for the appellee to amend her rule 60(B) motion because a motion in Ohio is not subject to amendment under the Ohio Rules of Civil Procedure nor by any other statute or preceding case law."

Second Assignment of Error

"The court's decision and judgment setting aside the dissolution of the parties on the basis of newly discovered evidence was against the manifest weight of the evidence."

Third Assignment of Error

"The court's finding that the appellee was intimidated into signing the separation agreement and dissolution documents was against the undisputed evidence from the appellee and is in error as a matter of law regarding the necessary evidence to establish duress for purposes of setting aside a dissolution decree and separation agreement."

Fourth Assignment of Error

"The court's finding that counsel for appellant represented both parties is not supported by the evidence and is against the manifest weight of the evidence."

The parties were married in 1987, and had one child together. On July 11, 1994, a decree of dissolution was granted terminating the marriage. On May 22, 1995, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B)(2) and (3). On June 12, 1995, appellant filed a memorandum in opposition and a motion to dismiss appellee's Civ.R. 60(B) motion. Also, on June 12, 1995, appellee filed an amended motion for relief from judgment. A hearing was held on appellee's motion for relief from judgment. In a November 22, 1995 decision and judgment entry, the domestic relations court overruled appellant's motion to dismiss and sustained appellee's motion for relief from judgment.

Appellant's first assignment of error asserts that the trial court erred, as a matter of law, when it allowed appellee to amend her Civ.R. 60(B) motion, because the Civil Rules do not allow for amendment of motions.

The trial court did not allow appellee to amend her motion. In fact, the decision acknowledged that appellee's second Civ.R. 60(B) motion was improperly styled as "amended." However, the court concluded that this improper style was not fatal to the proceeding since the second "amended" motion was properly filed without reference to the original Civ.R. 60(B) motion. Appellee's second motion sought to set aside the decree of dissolution, and was filed eleven months after the dissolution decree. The trial court had the discretion to find eleven months to be a reasonable time. The trial court properly disregarded the style of appellee's second motion for relief from judgment and addressed the merits of the otherwise valid motion. Appellant's first assignment of error is overruled.

Appellant's remaining assignments of error address the merits of the trial court's decision granting appellee relief from judgment.

Civ.R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * * (3) fraud * * * misrepresentation or other misconduct of an adverse party * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * * "

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, sets forth the standard test for prevailing on a Civ.R. 60(B) motion in paragraph two of the syllabus:

"[T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

An appellate court will not reverse the ruling of a trial court on a Civ.R. 60(B) motion absent a finding that the trial court abused its discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. "Abuse of discretion" connotes more than an error of law or judgment, it connotes a judgment that is arbitrary, unreasonable, or unconscionable. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 552 N.E.2d 202.

Appellee's motion for relief from judgment alleged that there was newly discovered evidence regarding the marital assets and fraud on the part of appellant and cited several items of property that were not mentioned or properly valued in the separation agreement or appellant's Civ.R. 17 affidavit and were not

divided between the parties. The more notable properties cited were the marital home, which appellant received, and both parties' vested PERS accounts, which were not divided.

Appellant is the administrator of the Parking Violations Bureau and appellee is a cashier with the Parking Violations Bureau. Both parties held these positions before their marriage and continued to hold them after the dissolution. At the time of the separation, appellant was earning $58,198, and appellee was earning $24,565.

The only attorney who participated in the dissolution was Don Wolery. Wolery was a social friend of both parties and had represented them in prior legal matters. While Wolery represented appellant in the dissolution, appellee testified that she believed he was representing both of them and that he would be fair.

Appellee testified in support of her position that appellant wielded such a strong influence over her that she agreed to the separation agreement's terms under duress. Appellee testified to a history of verbal and physical abuse during the marriage, usually after appellant had been drinking. Also, due to appellant's position of authority over her at work and comments he had made, appellee feared that she might lose her job, or that appellant would make things difficult for her at work. Appellee stated that, while she had reservations, she signed the separation agreement because she had been intimidated for so long.

After hearing the testimony of the parties, the court found that a full disclosure had not been made, a unique type of intimidation was present, and the separation agreement failed to dispose of all matters arising out of the marital relationship. The court also found that appellee's emotional state at the time the separation agreement was executed and for more than fourteen days after the dissolution was granted would have precluded her from discovering the facts necessary for representing her best interests regarding the terms of the agreement. Additionally, the court determined that appellee's execution of the "Acknowledgement and Waiver of Legal Counsel" was meaningless since both parties were social friends of Wolery and he had previously represented both parties in legal matters. Accordingly, the trial court properly sustained appellee's motion and vacated the decree of dissolution.

Appellant's second assignment of error asserts that the trial court's decision setting aside the dissolution on the basis of newly discovered evidence was against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

Appellee's testimony at the hearing on her motion provided some competent, credible evidence in support of the court's finding that appellee could not have discovered, with the exercise of due diligence, essential financial facts at the time the separation agreement was entered and the dissolution decree awarded. Appellee's testimony indicated a history of intimidation that was especially compelling because appellant was appellee's ultimate superior at work. Additionally, appellee testified that she felt coerced and under duress when she signed the separation agreement. Finally, it was not until appellee had been receiving counseling for approximately six months after the dissolution that she started to look out for her own interests. Thus, the court did not abuse its discretion when it found that appellee was entitled to relief from judgment.

■ Nor was it an abuse of discretion for the trial court to find that appellee had a meritorious defense or claim to present if relief were granted. Appellee's testimony established that, when the separation agreement was entered, the parties' marital assets had not been fully accounted for or properly valued and that appellee had not been adequately representing her interests, but had signed the separation agreement only because appellant intimidated her. For these reasons, the court found that appellee had a meritorious defense. This finding was supported by the evidence and was not an abuse of discretion.

Appellant questions the propriety of the court's determination that appellant had earned substantially more PERS benefits during the marriage than appellee. This observation was not an essential to the court's decision, nor does it preclude appellant from introducing evidence of the PERS benefits that the parties earned during their marriage. Any possible error on the part of the court in making this observation was not prejudicial.

The trial court did not abuse its discretion when it granted appellee relief from judgment. Appellant's second assignment of error is overruled.

■ Appellant's third assignment of error asserts that the trial court's finding that appellee signed the separation agreement due to intimidation is contrary to appellee's testimony and, as a matter of law, was insufficient to establish duress.

Appellant's attempt to discredit appellee's claims of physical abuse and intimidation are not persuasive. A woman need not seek medical attention, miss work, or document incidents of physical abuse to prove she was abused. Furthermore, appellee's testimony provided the required competent, credible evidence to support a finding of intimidation. Nor is the trial court's decision in the present case contrary to *Quebodeaux v. Quebodeaux* (1995), 102 Ohio App.3d 502, 657 N.E.2d 539. Appellant's third assignment of error is overruled.

■ Appellant's fourth assignment of error asserts that the trial court's finding that counsel for appellant represented both parties is against the manifest weight of the evidence.

Appellee had signed an "Acknowledgement and Waiver of Legal Counsel" form stating that she was aware that her husband's attorney, Wolery, was not representing her and that she elected to proceed without her own legal representation. The trial court determined that this document was meaningless, citing the fact that Wolery was a social friend of both parties and had represented them in prior legal matters. Thus, the trial court cited competent, credible evidence that supported its decision. This court also notes that appellant testified that he initially retained Wolery to represent both parties, and that it was not until the day that they signed the separation agreement (June 7, 1994) that Wolery informed appellee that he represented appellant and had her sign the "Acknowledgement and Waiver of Legal Counsel." Appellant's fourth assignment of error is overruled.

Based on the foregoing, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.

A second matter before this court is appellee's motion for attorney fees for defense of this appeal. This court does not find that the circumstances warrant awarding appellee her attorney fees. Appellee's motion is denied.

*Judgment affirmed;*
*motion for attorney fees denied.*

PEGGY BRYANT and CLOSE, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.