DECISION
{¶ 1} Plaintiff-appellant, The Brunner Firm Co., L.P.A. ("Brunner"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to vacate of defendants-appellees, Barbara Buckalew, BBBB, Inc., and New Salem Country, Inc. (collectively, "the Buckalew defendants"). Brunner assigns a single error:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION TO VACATE WHERE THAT MOTION WAS MERELY A SUBSTITUTE FOR THE FILING OF *Page 2 
OBJECTIONS TO A MAGISTRATE'S DECISION OR A TIMELY APPEAL
Because, under the unique facts of this case, the trial court erred in granting the motion in the absence of articulating which of the specified grounds for relief set forth in Civ. R. 60(B) applies here, we reverse.
 {¶ 2} Brunner, a law firm, initiated the litigation leading up to this appeal by bringing an action against several former clients for unpaid fees. Brunner obtained a judgment against Paul R. Bussard, Barbara L. Bussard, and P-B's Nest, Inc. (collectively, "the Bussard defendants"), who are not parties to the present appeal, in the Franklin County Court of Common Pleas on February 14, 2002.
 {¶ 3} Failing to collect from other assets belonging to the Bussard defendants, Brunner turned to an interest the Bussard defendants purportedly held in real estate in or near New Salem, Perry County, Ohio. Pursuant to a land contract executed on January 2, 2002, Paul and Barbara Bussard had purchased two parcels of land, a tavern, and an attendant liquor permit from the Buckalew defendants. Paperwork from the Division of Liquor Control indicates a transfer of the subject liquor permit and subsequent renewal in the name of Bussard's Nest, Inc.
 {¶ 4} Brunner initiated the present phase of the case by filing a verified complaint styled as a creditor's bill alleging the above facts and seeking to attach any interest the Bussard defendants held in the real estate and liquor license the land contract conveyed. The Buckalew defendants eventually filed an answer through counsel. In a trial before a magistrate, complicated by the Buckalew defendants' failure *Page 3 
to appear, counsel for the Buckalew defendants withdrew and Brunner asked to rest upon the allegations in its verified complaint.
 {¶ 5} The magistrate subsequently rendered a decision recommending judgment in favor of Brunner. The magistrate premised the decision on the alternative bases that either Brunner's prior motion for default judgment could be reinstated and granted or the verified complaint provided sufficient evidence, in the absence of any evidence from the Buckalew defendants, to grant judgment. Without specifying any restriction arising from the limited nature of the property interest conveyed under the land contract, the magistrate concluded Brunner was entitled to collect against the subject property up to the full amount the Bussard defendants owed. The trial court subsequently adopted the magistrate's findings of fact and conclusions of law and granted judgment for the Brunner firm on July 11, 2006.
 {¶ 6} The Buckalew defendants obtained new counsel and on January 24, 2007, filed a Civ. R. 60(B) motion for relief from judgment, supported in part by Barbara Buckalew's affidavit on her own behalf and as the sole shareholder of the corporate Buckalew defendants. The principal argument in favor of relief from judgment was that the Bussards had defaulted on the land contract by failing to pay monthly installments, real estate tax, and insurance premiums. As a result, the motion asserted, the Bussard defendants' interest in the real estate was practically valueless. The Buckalew defendants further pointed out that under Ohio law a liquor permit is not subject to a creditor's attachment. Finally, the Buckalew defendants argued the magistrate mistakenly concluded the allegations in the verified complaint were sufficient to grant judgment for Brunner. According to the Buckalew defendants, case law established that *Page 4 
once the Buckalew defendants filed an answer denying the pertinent allegations in the complaint, the court should have required additional testimony at trial to establish evidentiary grounds for a judgment against them.
 {¶ 7} The trial court granted the Buckalew defendants' Civ. R. 60(B) motion for relief from judgment on March 23, 2007. The trial court agreed with the Buckalew defendants' assertion that, once an answer was filed, Brunner could not stand on the allegations in the verified complaint but was required to present evidence at trial to support the judgment. The court journalized its judgment on September 21, 2007. In its single assignment of error, Brunner asserts the trial court wrongly granted the motion where the Buckalew defendants used it as a substitute for appeal or objections to the magistrate's decision. Also before the court is the Buckalew defendants' motion to dismiss this appeal as moot.
A. Relief from Judgment {¶ 8} Brunner argues the trial court's decision granting Civ. R. 60(B) relief should be reversed for two reasons. Brunner initially argues relief from judgment should not have been granted because the motion for relief from judgment was impermissibly used as a substitute for either timely filed objections to the magistrate's decision or a timely appeal from the trial court's judgment. Brunner alternatively contends the requirements for Civ. R. 60(B) relief were not met and the trial court therefore erred in granting such relief.
 {¶ 9} In order to prevail on a motion for relief from judgment under Civ. R. 60(B), a movant must demonstrate that (1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled to relief under one of the grounds *Page 5 
stated in Civ. R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. Perry v. Gen. Motors Corp. (1996),113 Ohio App.3d 318, citing GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146. If Civ. R. 60(B)(1), (2) or (3) are the grounds for relief, the motion must be made within one year after the judgment, order, or proceeding was entered or taken; otherwise, the motion must be made within a reasonable time. Id.
 {¶ 10} A party generally may not raise issues in seeking relief from judgment under Civ. R. 60(B) that could have been raised upon appeal, and error that a timely appeal could have corrected cannot form the predicate for a motion under the rule. Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34; State ex rel. Richard v. CuyahogaCty. Commrs. (2000), 89 Ohio St.3d 205. Likewise, issues that could and should have been raised in objections to a magistrate's decision, and thus are waived for purposes of appeal, generally cannot be raised subsequently in a motion for relief from judgment. Mattingly v.Deveaux, Franklin App. No. 03AP-793, 2004-Ohio-2506; Brown v. ZurichUS, 150 Ohio App.3d 105, 2002-Ohio-6099, at ¶ 26.
i. Meritorious Defense
 {¶ 11} Under the first prong of GTE, the trial court found two arguments persuasive. Initially, the trial court's decision determined the averments of Brunner's verified complaint insufficiently supported the magistrate's decision in favor of Brunner because the Buckalew defendants had filed an answer. Under those circumstances, the trial court concluded, Brunner was required to present evidence at trial beyond the averments in the verified complaint in order to support its claims. In its subsequent judgment entry granting relief from the prior judgment, the trial court also observed that *Page 6 
the prior judgment was erroneous because, in addition to other property, it attempted to attach the associated liquor permit. Citing this court's decision in Banc of Am. Strategic Solutions, Inc. v. Cooker RestaurantCorp., Franklin App No. 05AP-1126, 2006-Ohio-4567, the trial court noted no security interest may attach to a liquor permit.
 {¶ 12} The trial court's application of Cooker is correct, as that case explicitly held no security interest may attach to an Ohio liquor permit; nor may a collection action proceed in rem against such a permit. Accordingly, the legal argument establishes a defense to at least part of the trial court's original judgment.
 {¶ 13} Ohio case law is less clear about whether a verified complaint alone may provide evidentiary grounds for judgment when a defendant has filed an answer specifically denying pertinent averments in the complaint. Averments set forth in a verified complaint are sufficient evidence upon which to grant summary judgment: "[s]worn pleadings constitute evidence for purposes of Civ. R. 56, and courts are not limited to affidavits in determining a summary judgment motion."State ex rel. Spencer v. E. Liverpool Planning Comm. (1997),80 Ohio St.3d 297, 298. See, also, O'Nesti v. DeBartolo Realty Corp.,163 Ohio App.3d 609, 2005-Ohio-5056, at ¶ 33, reversed on other grounds,113 Ohio St.3d 59, 2007-Ohio-1102.
 {¶ 14} The averments in a verified complaint, however, may be accepted as evidence only to the extent that, like an affidavit, they present evidence within the personal knowledge of the affiant. Id. Moreover, such verifiable elements contained in the complaint, in conjunction with other properly admitted documents and evidence, must support every element of the claim and thus support the judgment. Jensen v. *Page 7 Zanesville Heart Specialists, Inc., Muskingham App. No. CT2003-0043,2004-Ohio-873, at ¶ 16; Pollock v. Brigano (1998), 130 Ohio App.3d 505.
 {¶ 15} Here, not all of the allegations found in the complaint directed to the elements of Brunner's claim were within the personal knowledge of Brunner's principal or representatives so as to be admissible by affidavit. As a result, evidence did not support all elements of the claims set forth in Brunner's complaint, leaving the evidence insufficient to grant judgment in Brunner's favor.
 {¶ 16} The trial court thus correctly concluded that the Buckalew defendants had meritorious defenses to raise if they were granted relief from the trial court's prior judgment.
ii. Timeliness
 {¶ 17} Civ. R. 60(B) requires that motions be made within a reasonable time, not to exceed one year if the grounds for relief alleged are found in Civ. R. 60(B)(1) through (3). The trial court adopted the initial magistrate's decision on June 27, 2006; the Buckalew defendants filed their Civ. R. 60(B) motion on January 24, 2007. Six months, in the present case, is not inherently unreasonable. Under the abuse of discretion standard, and in the absence of any blatantly unreasonable time lapse in seeking relief from judgment, the trial court did not err in finding that the motion had been brought within a reasonable time.
iii. Grounds for Relief under Civ. R. 60(B)(1) through (5)
 {¶ 18} In their motion to vacate, the Buckalew defendants allege entitlement to relief under Civ. R. 60(B)(1) for mistake, 60(B)(3) for an adverse party's fraud or misrepresentation, and Civ. R. 60(B)(5), the catch-all provision granting relief for "any *Page 8 
other reason justifying relief." The trial court did not discuss which, if any, of the grounds for relief it concluded applied here.
 {¶ 19} The alleged failures of former counsel do not constitute excusable neglect under Civ. R. 60(B)(1). Although the Buckalew defendants now assert that Barbara Buckalew's then-counsel did not properly inform her of the hearing and its importance, counsel personally attended the hearing at which the magistrate initially ruled in Brunner's favor. Even if, as the Buckalew defendants suggest, counsel neglected to prepare properly for the hearing, the neglect of counsel will generally be imputed to a party for purposes of Civ. R. 60(B)(1).GTE, supra, at 153. Moreover, although the Buckalew defendants supported their motion by asserting that former counsel was seriously ill prior to the hearing, he was able to attend personally on the scheduled day. Nothing in the present case establishes that the former attorney's alleged failure to properly prepare for the hearing or notify his clients was in any way excusable. Baysinger v. Home Developers,Inc. (Mar. 29, 2001), Cuyahoga App. No. 78443. As a matter of law, Civ. R. 60(B)(1) does not apply in the present case on the record before us.
 {¶ 20} The Buckalew defendants' allegations of fraud, misconduct, or misrepresentation on the part of the opposing party under Civ. R. 60(B)(3) are not well-founded. They assert Brunner engaged in misconduct when it advanced the inaccurate legal argument that an Ohio liquor permit, like the subject real estate, could be seized in the creditor's proceedings.
 {¶ 21} To show fraud or misconduct, something more than a merely inaccurate legal argument must be demonstrated. In this context, a finding of fraud or misconduct *Page 9 
should be limited to "that species of fraud which does or attempts to, defile the court itself * * * so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Leibold v. Hiddens, Montgomery App. No. 21487, 2007-Ohio-2972, at ¶ 27, quoting 7 Moore's Federal Practice (2 Ed. 1971) 515, ¶ 60.33. While Brunner's pursuing a lien upon an Ohio liquor permit may ultimately prove fruitless, as a matter of law it does not of itself constitute fraud or misconduct absent a showing of a pernicious and willful attempt to mislead the court.
 {¶ 22} The last enumerated ground for relief under the rule is the catch-all provision set forth in Civ. R. 60(B)(5) that allows the court to grant relief for "any other reason justifying relief from the judgment." Civ. R. 60(B)(5) is not to be used as a substitute for the more specific ones that precede it. Strack v. Pelton (1994),70 Ohio St.3d 172. Beyond that restriction, the Supreme Court of Ohio appears to have adopted a broad view of the provision's applicability, stating that Civ. R. 60(B)(5) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."State ex rel. Gyurcsik v. Angelotta (1977), 50 Ohio St.2d 345, 346, quoting Klapprott v. United States (1949), 335 U.S. 601, 69 S.Ct. 384. Cases examining the limits of a trial court's discretion in granting such relief are sparse because most litigation under Civ. R. 60(B)(5) involves motions denied.
 {¶ 23} A pair of cases, however, are instructive. Rion v. Mom andDad's Equip. Sales and Rentals, Inc. (1996), 116 Ohio App.3d 161, held that a foreign judgment, registered in Ohio, should be vacated pursuant to Civ. R. 60(B) because it was barred from enforcement under Ohio law. Similarly, the trial court here concluded the judgment *Page 10 
against the Buckalew defendants was unenforceable under Ohio law because the associated liquor permit was not subject to attachment.
 {¶ 24} Also pertinent here, Whitt v. Bennett (1992),82 Ohio App.3d 792, held the trial court erred in excluding as grounds for relief counsel's decision to abandon representation prior to judgment. Here, counsel for the Buckalew defendants filed his motion to withdraw at the commencement of the hearing that resulted in judgment for Brunner; he neither moved for a continuance of the hearing nor otherwise protected his clients' interest.
 {¶ 25} Pursuant to Gyurcsik, Rion, and Whitt, the trial court had some discretion in determining whether to grant relief in this case. The difficulty in resolving the issue is that neither the Buckalew defendants nor the trial court articulated what, if any, grounds under Civ. R. 60(B) support granting relief here. Instead, they both discussed the permit issue and counsel's withdrawal in terms of meritorious defenses if relief were granted.
 {¶ 26} Ordinarily, the trial court's failure to delineate the grounds for granting relief under Civ. R. 60(B) would not be problematic: if the facts of a given case fall within the trial court's discretion, we would affirm. The difficulty here is that, because the trial court spoke to both the timeliness of the Buckalew defendants' motion and the meritorious defenses to be raised if relief is granted, the trial court's failure to address the grounds for relief under Civ. R. 60(B)(1) through (5) suggests the court never considered that prong of the test or exercised its discretion in that regard.
 {¶ 27} As a result, were we to determine that the permit and representation issues are sufficient grounds for relief under Civ. R. 60(B)(5), we in effect would be exercising the trial court's discretion in the first instance, something we cannot do. *Page 11 
Because we cannot determine whether the trial court considered Civ. R. 60(B)(5), much less whether it found grounds for relief under Civ. R. 60(B)(5), we cannot determine whether the trial court abused its discretion especially when, depending on the basis for granting relief, a portion of the judgment may be all that is properly vacated.
 {¶ 28} Despite the possible grounds for granting relief set forth above, Brunner contends that the present motion for relief from judgment was impermissibly used as a substitute for appeal. Civ. R. 60(B) "is not available as a substitute for appeal * * * nor can the rule be used to circumvent or extend the time requirements for filing an appeal."Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686; see, also, State exrel. Richard, supra; Daroczy, supra, at ¶ 34. Likewise, issues that could and should have been raised by way of Civ. R. 53(D)(3) objections to a magistrate's decision, and are thus waived for purposes of appeal, cannot be raised subsequently as the sole basis for a motion for relief from judgment. Mattingly, supra; Thurston v. Thurston, Franklin App. No. 02AP-555, 2002-Ohio-6746, at ¶ 19.
 {¶ 29} Such authority, however, should not be taken as a sweeping prohibition against such relief if the case involves mixed issues that both (1) establish grounds for relief under Civ. R. 60(B), even though they otherwise might have been resolved by timely appeal, and (2) constitute the requisite meritorious defense. Where grounds for relief exist in conjunction with circumstances, other than mere lack of timeliness or diligence, that would render an appeal futile or otherwise prevented it, an outright bar to the trial court's discretion to grant Civ. R. 60(B) relief is overbroad. Many Civ. R. 60(B) motions will involve issues that could have formed the core of an appeal; such a premise is inherent in requiring a party seeking relief to demonstrate a meritorious *Page 12 
defense in cases other than those arguing newly discovered evidence or fraud upon the court. That the same issues might have been raised in a timely appeal from the original judgment may not depending on the facts, preclude their serving as the basis for Civ. R. 60(B) relief if the other two prongs, timeliness and grounds under Civ. R. 60(B)(1) through (5), are met.
 {¶ 30} The present case suggests the Buckalew defendants would have some difficulty in raising any of the pertinent arguments on appeal given their failure to present evidence at trial and create a record that could have been properly raised on appeal. Likewise, objections to the magistrate's decision under Civ. R. 53(D)(3)(b) would in all likelihood have been vain in the absence of material evidence introduced before the magistrate.
 {¶ 31} Such obstacles to an appeal arise largely from the abrupt withdrawal of the Buckalew defendants' counsel at the outset of the initial hearing before the magistrate, a matter the Buckalew defendants would find problematic to raise on appeal in view of the general inapplicability of ineffective assistance of counsel claims in civil litigation. Dantzig v. Biron, Highland App. No. 07CA1, 2008-Ohio-209. Although, when considered in the abstract, the meritorious defenses assert error that could have found redress on appeal, this case did not proceed in the abstract but in its own tortuous procedural context, a context which may warrant relief from judgment and re-examination of the merits of the matter. See Whitt, supra.
 {¶ 32} While Brunner urges the strictest possible interpretation of the prohibition of Civ. R. 60(B) relief in cases where appeal might have allowed redress, that stance, if applied to the present facts, essentially would obviate Civ. R. 60(B) relief in almost all *Page 13 
cases in which a trial court sought to correct its own clear error of law. Because the issues effectively could not have been raised on appeal, the general principle Brunner notes does not apply here.
 {¶ 33} Accordingly, we sustain Brunner's assigned error to the extent indicated. B. Motion to Dismiss
 {¶ 34} The Buckalew defendants' motion to dismiss asserts that a recent decision from the Perry County Court of Common Pleas extinguished any interest the Bussard defendants have in the property that Brunner seeks to attach. The Perry County court apparently determined the Bussard defendants are in default on the land installment contract and have no further rights to enter, possess, hold, encumber or take title to the subject real estate. Buckalew v. Bussard (Jan. 22, 2008), Perry Cty. C.P. No. 07CV00466.
 {¶ 35} An action is moot when it involves "no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations." Grove City v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, at ¶ 11. An action may be rendered moot when the litigant receives the relief sought before completion of the lawsuit.Robinson v. Indus. Comm., Franklin App. No. 04AP-1010, 2005-Ohio-2290, at ¶ 6. The Perry County decision does not render the present appeal moot because the impact of the Perry County decision on the proceedings in the Franklin County Court of Common Pleas cannot be ascertained fully based on the record in this appeal.
 {¶ 36} The limited record before us suggests Brunner was not a party to the Perry County action, and the degree to which the Perry County judgment binds Brunner, as a non-party, is questionable. See, generally,Ohio Pyro, Inc. v. Ohio Dept. of *Page 14 Commerce, 115 Ohio St.3d 375, 2007-Ohio-5024 (discussing limitations on the effect of a judgment upon a non-party). In addition, the Franklin County judgment from which the Buckalew defendants obtained relief pre-dates the Perry County judgment. As a result, the remand of this matter to the trial court, with the possibility of reinstating the judgment against the Buckalew defendants, raises at least colorable arguments regarding Brunner's ability to invoke an estoppel defense to the Perry County judgment. See, e.g., Huntington Trust Co. v.Chubet (Nov. 10, 1998), Franklin App. No. 97APF12-1591. Given such circumstances and the limited record before us, we cannot determine that the appeal is moot. The Buckalew defendants' motion to dismiss is denied.
 {¶ 37} Accordingly, we sustain Brunner's single assignment of error to the extent indicated, reverse the judgment of the Franklin County Court of Common Pleas granting Civ. R. 60(B) relief to the Buckalew defendants, and remand for further proceedings consistent with this opinion.
Motion to dismiss denied; Judgment reversed and case remanded.
 PETREE and BROWN, JJ., concur. *Page 1