[Cite as *Allstate Ins. Co. v. Wagner*, 2014-Ohio-2505.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Allstate Insurance Co. et al., | : | |
| Plaintiffs-Appellants, | : | No. 13AP-900 (C.P.C. No. 10CV-14315) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jeffrey Wagner, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 10, 2014

*Kreiner & Peters Co., LPA*, and *Todd W. Smith*, for appellants.

*Robert M. O'Neal, Attorney at Law*, and *Robert M. O'Neal*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Plaintiffs-appellants Allstate Insurance Co. and Deanie Adams[1] ("Allstate"), appeal from a judgment of the Franklin County Court of Common Pleas, which granted defendant-appellee's, Jeffrey Wagner, motion to vacate the trial court's order granting default judgment to Allstate. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Allstate initiated this action by filing a complaint in the Franklin County Court of Common Pleas on September 30, 2010. The action was based on a November 27, 2002 motor vehicle accident that occurred in Dayton, Ohio. Allstate alleged Wagner

---

[1] The Notice of Appeal was filed on behalf of Deanie Adams and Allstate Insurance Co. Appellants' brief was filed on behalf of Allstate. For ease of discussion, we will refer to Allstate Insurance Co. individually and appellants collectively as "Allstate."

negligently operated a motor vehicle, which caused Adams, an individual insured by Allstate, to become injured. Allstate claimed it disbursed funds as a result of the accident, for which Wagner was liable to Allstate pursuant to subrogation rights.

{¶ 3} The initial attempt to serve Wagner at an address in West Carrollton, Ohio failed. Service was attempted again using a Miamisburg, Ohio address. A certified mail confirmation from the United States Postal Service was filed in the Franklin County Clerk of Courts' office on December 2, 2010 indicating service was achieved. A scanned image of the receipt bears a cursive signature resembling the name "Jeff Wagner."

{¶ 4} On April 13, 2011, Allstate moved the trial court to grant default judgment against Wagner due to his failure to plead or otherwise defend. The certificate of service indicated the motion was mailed to Wagner at the Miamisburg address. Wagner did not respond, and the trial court granted default judgment in favor of Allstate on April 20, 2011.

{¶ 5} On February 3, 2012, Wagner moved the trial court, through counsel, to vacate the default judgment and grant him leave to respond to Allstate's complaint. The motion was brought "pursuant to Civ. R. 60(B)(1), (3) and (5) * * * and in the interest of justice." (R. 36.) Wagner informed the court that Allstate previously brought an action against him based on the same operative facts in 2004 in the Preble County Court of Common Pleas. The claims against Wagner were voluntarily dismissed in 2005 pursuant to Allstate's Civ.R. 41 notice.

{¶ 6} Allstate opposed Wagner's motion to vacate, and the trial court ordered a hearing on the matter. The court suggested, "[i]n addition to presenting evidence at the hearing, Counsel may wish to be able to discuss the law relating to the applicability of Civil Rule 60(B)(3) and/or (5) to the facts of this case." (R. 44, at 3.) The hearing was subsequently cancelled because Wagner was either unable or unwilling to attend. Both parties agreed the hearing was not necessary and, instead, filed supplemental memoranda for the court's consideration. Wagner, in particular, attempted to address the applicability of Civ.R. 60(B)(3) and (5).

{¶ 7} On October 3, 2013, the trial court granted Wagner's motion and vacated the default judgment. Pertinent to this appeal, the court noted Allstate did not dispute the timeliness of Wagner's motion or that Wagner alleged a meritorious defense.

Accordingly, the court narrowed its inquiry to whether Wagner demonstrated he was entitled to relief under one of the grounds in Civ.R. 60(B)(1) through (5). The court stated, "Wagner makes several arguments in this regard, but the only one that has convinced this Court is the argument that relief is appropriate under Civil Rule 60(B)(3) because of misconduct of an adverse party." (R. 64, at 3.) The court reasoned:

> Wagner alleges that [Allstate's] counsel engaged in misconduct by frivolously filing the complaint years after both the statute of limitations and the one year savings period had expired. [Allstate] has not disputed the allegation that its counsel's conduct was frivolous, even though it had two opportunities to do so. Since no alternative explanation has been provided to explain how the filing of the lawsuit was not frivolous, this Court must agree that it is hard to imagine how the filing of the Complaint could have been non-frivolous.

(R. 64, at 3.) The trial court granted Wagner leave to plead.

{¶ 8} On October 9, 2013, Wagner filed an answer to Allstate's complaint. On the same day, Wagner filed a motion for summary judgment based on Allstate's failure to file the present action within the applicable statute of limitations.

{¶ 9} On October 24, 2013, Allstate timely appealed the trial court's judgment vacating the default judgment.

## II. ASSIGNMENT OF ERROR

{¶ 10} Appellants appeal and present this court with the following assignment of error to review:

> THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION TO VACATE THE APRIL 20, 2011 DEFAULT JUDGMENT BECAUSE DEFENDANT/APPELLEE WAS NOT ENTITLED TO RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(1-5); AND SPECIFICALLY CIV.R. 60(B)(3).

## III. DISCUSSION

{¶ 11} This is an appeal from the trial court's judgment granting Wagner's motion to vacate pursuant to Civ.R. 60(B). "Whether to grant a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion." *In re McLoughlin v.*

*McLoughlin*, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 22, citing *McSweeney v. McSweeney*, 112 Ohio App.3d 355, 358 (10th Dist.1996). "In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} Civ.R. 60(B) provides in part:

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 13} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 14} Initially, we note that Allstate did not dispute below, and does not dispute on appeal, that Wagner has a meritorious defense and his motion was timely. Our inquiry is therefore limited to whether the trial court abused its discretion in finding that Wagner satisfied the second prong of the *GTE* test.

{¶ 15} Pursuant to appellants' single assignment of error, it argues the trial court erred by relying on subsection (B)(3) of Civ.R. 60 to grant Wagner's motion to vacate. Allstate contends it did nothing to prevent Wagner from fully and fairly presenting his case or defenses; namely, that Allstate filed the case in an improper venue beyond the statute of limitations. The record shows Wagner was served with the complaint; however, he did not respond or defend against the action. The motion for default judgment was

also sent to Wagner, but he did not respond. Therefore, Wagner missed his opportunity to assert defenses, which he has now forfeited.

{¶ 16} This court has recognized that " '[t]he fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case.' " *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636, ¶ 20, quoting *PNC Bank, Natl. Assoc. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 15. Therefore, Allstate's limited argument has merit. However, we do not agree the trial court abused its discretion in granting Wagner relief from judgment.

{¶ 17} Allstate's argument overlooks the fact that Wagner brought his motion "pursuant to Civ. R. 60(B)(1), (3) and (5) * * * and in the interest of justice." (R. 36.) While Wagner's motion was pending, the trial court requested and received additional briefing regarding the applicability of Civ.R. 60(B)(3) and (5) to the facts of this case. The trial court's judgment reveals the court considered Wagner's motion under various Civ.R. 60(B) criteria. The court stated, "the remaining issue is whether [Wagner] has shown that he has grounds for relief from Judgment under Civil Rule 60(B)(1)-(5). * * * Wagner makes several arguments in this regard." (R. 64, at 3.)

{¶ 18} Civ.R. 60(B)(5) allows a court to grant relief for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is not to be used as a substitute for the more specific grounds that precede it. *Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 22. Beyond that restriction, we have recognized "the Supreme Court of Ohio appears to have adopted a broad view of the provision's applicability, stating that Civ.R. 60(B)(5) ' "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." ' " *Id.*, quoting *State ex rel. Gyurcsik v. Angelotta*, 50 Ohio St.2d 345, 346 (1977), quoting *Klapprott v. United States*, 335 U.S. 601 (1949).

{¶ 19} The trial court considered Civ.R. 60(B)(5) as grounds for granting Wagner relief from judgment. As explained below, we find it was appropriate to grant Wagner's motion, pursuant to Civ.R. 60(B)(5), in the interest of justice. Thus, any error in citing Civ.R. 60(B)(3) instead of (5) in the trial court's judgment was harmless error. The

outcome would have been the same and, as the trial court noted, Allstate had multiple opportunities to oppose Wagner's motion based on the application of Civ.R. 60(B)(5). Allstate was not materially prejudiced and no substantial right was affected. *Brothers v. Morrone-O'Keefe Dev. Co., L.L.C.*, 10th Dist. No. 05AP-161, 2006-Ohio-1160, ¶ 26, citing *Fada v. Information Sys. & Networks Corp.*, 98 Ohio App.3d 785, 792 (2d Dist.1994) ("When avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party."); s*ee* Civ.R. 61.

{¶ 20} This cause of action originated in 2002, apparently in Preble County. A lawsuit was filed in the Preble County Court of Common Pleas in 2004 and voluntarily dismissed in 2005. Roughly five years later, the same attorney for Allstate filed this case in Franklin County. Allstate does not dispute the present action was instituted long after the expiration of the applicable statute of limitations. We do not find that granting Wagner relief from judgment under these circumstances was unreasonable or otherwise an abuse of discretion. The trial court's ruling served the ends of justice by preventing Allstate from taking a monetary judgment by default against Wagner several years after the proper time for doing so. Allstate's assignment of error is overruled.

## IV. CONCLUSION

{¶ 21} Due to the absence of an abuse of discretion and prejudicial error, we overrule appellants' sole assignment of error. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

———————————