[Cite as *Freeh v. Hill*, 2014-Ohio-3929.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William S. Freeh, Jr., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-377 |
| v. | : | (C.P.C. No. 07CV-13585) |
| Mark A. Hill, | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| Equine Estates, LLC et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 11, 2014

*Stephen A. Moyer*, for appellee William S. Freeh, Jr.

*Mark A. Hill*, pro se.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1}  Defendant-appellant, Mark A. Hill, appeals from a judgment entered by the Franklin County Court of Common Pleas denying his motions for relief from judgment in favor of plaintiff-appellee, William S. Freeh, Jr.  For the reasons that follow, we affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}  In October 2007, Freeh filed a complaint alleging claims related to a real estate development venture against Hill, Equine Estates, LLC, and New Albany Polo,

LLC.[1]  Freeh ultimately obtained a judgment against all three defendants.  However, only Hill challenges the trial court's judgment on appeal, so our background summary focuses on proceedings involving him.

{¶ 3}   After failed attempts to serve Hill at other addresses, Hill was served with the summons and complaint at the following address in July 2008:  P.O. Box #30823, Gahanna, Ohio (the "Gahanna address").  Hill, acting pro se, filed an answer to the complaint in August 2008.  In March 2009, he filed a motion for leave to file an amended answer with counterclaims, which the trial court denied.[2]  In December 2009, Freeh filed a motion for summary judgment, which Hill opposed.  Due to the pendency of Freeh's motion, the trial court moved the January 2010 trial date to March 2010.  Subsequently, the trial date was moved additional times, at least once at Hill's request, and ultimately set for August 18, 2010.  It is unclear from the record what, if anything, happened on that date.  After the journal entry setting the August 2010 trial date, nothing appears in the record until February 2011.  On February 24, 2011, Hill filed a request for admissions from Freeh.  In this document, Hill used the Gahanna address in his signature block.

{¶ 4}   On March 29, 2011, the trial court rescheduled the matter for trial on May 24, 2011.  The hearing notice mailed to Hill at the Gahanna address was returned marked "return to sender not deliverable as addressed unable to forward."  (R. 215.)  A document filed May 24, 2011 suggests the trial court decided to continue the trial until it ruled on the still pending motion for summary judgment.  However, the court did not rule on the motion until February 21, 2013.  The court granted Freeh summary judgment against Hill on the issue of liability and referred the matter to a magistrate for a damages hearing to be held in March 2013.  A hearing notice sent to the Gahanna address was returned as undeliverable.

{¶ 5}   Hill did not appear at the damages hearing, and the magistrate issued a decision awarding Freeh damages.  The magistrate ordered Freeh to submit a judgment entry to the trial court within 21 days.  A copy of the magistrate's decision sent to the Gahanna address was returned as undeliverable.  On April 8, 2013, the trial court issued

---

[1] The complaint also named as defendants John Does who were never identified.
[2] After the trial court denied Hill's request, he brought a separate action against Freeh which was dismissed. We affirmed the dismissal in *Hill v. Freeh*, 10th Dist. No. 11AP-1023, 2012-Ohio-4505.

an entry adopting the magistrate's decision.  The copy of this entry sent to the Gahanna address was also returned as undeliverable.  However, the entry itself listed Hill's address as P.O. Box 202, Marengo, Ohio, 43334 (the "Marengo address").

{¶ 6}   On April 23, 2013, Hill filed a combined motion for "leave to plead out of rule" and for acceptance of "the attached motion for relief as filed instanter."  (R. 233.) He also filed a motion "for the judgment entered against him to be vacated, and for such other relief as will put him in the same position relative to this case as he was on February 21, 2013."[3]  (R. 234.)  In an affidavit attached to the motions, Hill averred that he moved in August 2010 and he "visited, in person, the Office of the Franklin County Clerk of Courts sometime in the fall of 2010, and I handed, to one of the filing window employees, a hand written notice of my change of address."  (R. 234.)  His new address was the Marengo address.  Nonetheless, in 2013, the clerk's office sent documents to him at the Gahanna address, which he did not receive.  Thus, Hill contended he could not file a motion for reconsideration of the summary judgment decision, challenge the referral to the magistrate for a damages hearing, appear and defend himself at the damages hearing, or file objections to the magistrate's decision.  Hill claimed he learned about the court's activities when Freeh's attorney sent him a dismissal entry for approval.  Hill argued the clerk's failure to record his change of address led to a deprivation of his due process rights.  He asked the trial court to vacate its judgment.

{¶ 7}   Freeh opposed the motions, which he interpreted as Civ.R. 60(B) motions for relief from judgment.  Freeh argued the clerk's office properly sent documents to Hill's last known address, and even though Hill claimed to have given the clerk's office a written change of address in fall 2010, as late as February 24, 2011 he filed documents with the court using the Gahanna address.

{¶ 8}   Before the trial court ruled on Hill's motions he filed a notice of appeal.  The trial court found it lacked jurisdiction to consider Hill's motions because the filing of the notice of appeal divested it of jurisdiction to rule on a motion for relief from judgment. *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147 (1994). Hill asked this court to remand the matter to the trial court to rule on his motions.  We

---

[3] These motions are largely duplicative.

granted the request and stayed this appeal pending the trial court's resolution of his motions. *See id.*

{¶ 9} The trial court found Hill had the burden to notify the court of a change in his address. However, the docket was devoid of written notice from Hill. Also, as Freeh pointed out, Hill used the Gahanna address in a February 2011 filing. Because Hill's last known address was the Gahanna address, the trial court denied the April 23, 2013 motions.

## II. ASSIGNMENT OF ERROR

{¶ 10} Hill appeals and presents one assignment of error for our review:

> It was error for the Trial Court to Deny Defendant / Appellant's Motion for Leave to Plead out of Rule and for Relief from Judgment; and Defendant's Motion To Vacate Judgment, when Defendant had given a proper notice of change of address to the Clerk of Courts, and the Clerk's Office failed to notify Appellant of Trial Court activities.

## III. DISCUSSION

{¶ 11} In his sole assignment of error, Hill contends the trial court erred when it denied his April 23, 2013 motions because he notified the clerk's office of his change of address, and the clerk's office failed to record the change and mail court documents to the Marengo address. Hill filed his motions after the trial court issued its final order on April 8, 2013. However, "[t]he only motions a trial court may consider and grant to relieve a party from a final order are motions, pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment)." *Perez v. Angell*, 10th Dist. No. 07AP-37, 2007-Ohio-4519, ¶ 3, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981). Though otherwise titled, the trial court interpreted Hill's motions as Civ.R. 60(B) motions for relief from judgment, so we will do the same.

{¶ 12} The decision " '[w]hether to grant a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion.' " *Allstate Ins. Co. v. Wagner*, 10th Dist. No. 13AP-900, 2014-Ohio-2505, ¶ 11, quoting *In re McLoughlin v. McLoughlin*, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 22. The phrase "abuse of discretion" implies

the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 14} " 'To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *Allstate Ins. Co.* at ¶ 13, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 15} Hill contends he moved on August 8, 2010 but did not immediately open a post office box in Marengo or close his post office box in Gahanna. Hill claims he gave the clerk's office notice of his address change sometime after he opened a post office box in Marengo on March 7, 2011. Thus, Hill acknowledges the averment in his affidavit that he notified the clerk's office of the change sometime in fall 2010 was incorrect. Hill claims he made this averment from memory, and subsequently obtained information from the postal service on when he opened or closed his post office boxes. In addition, Hill argues

the fact that the April 8, 2013 entry contained the Marengo address proves he gave the clerk's office notice of his address change, and the office notified the trial judge of the change but "failed to follow their own procedures in recording the change of address within their own office." (Appellant's Brief, 11.) Hill contends the failure of the clerk's office to record his new address deprived him of due process because he did not receive important documents from the court, which prevented him from defending himself at the damages hearing and in other ways.

{¶ 16} Neither Hill nor the trial court identified the specific grounds for relief under Civ.R. 60(B)(1) through (5) that Hill's contentions implicate. Hill's claim that the clerk's office made an error that deprived him of due process does not implicate Civ.R. 60(B)(2) through (4). Although Civ.R. 60(B)(1) discusses mistake, this court has previously stated the type of mistake contemplated by that rule is a mistake by a party or his representative. *Foy v. Trumbull Corr. Inst.*, 10th Dist. No. 11AP-464, 2011-Ohio-6298, ¶ 11. Therefore, we believe it is more appropriate to consider Hill's contentions under Civ.R. 60(B)(5)'s catch-all provision, which allows the trial court to provide relief for "any other reason justifying relief from the judgment." We have recognized "the Supreme Court of Ohio appears to have adopted a broad view of the provision's applicability, stating that Civ.R. 60(B)(5) ' "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." ' " *Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 22, quoting *State ex rel. Gyurcsik v. Angelotta,* 50 Ohio St.2d 345, 346 (1977), quoting *Klapprott v. United States,* 335 U.S. 601, 614-15 (1949).

{¶ 17} A party " 'bears the burden of formally notifying the court of a change of address.' " *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, ¶ 6, quoting *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863, ¶ 11 (4th Dist.). This obligation applies equally to pro se litigants like Hill. *See id.* " 'Given that informing the trial court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court.' " *Id.*, quoting *Nalbach v. Cacioppo,* 11th Dist. No. 2001-T-0062 (Jan. 11, 2002).

{¶ 18} Here, the clerk mailed the documents or notices at issue to Hill's last known address in the record—the Gahanna address. Although Hill insists he gave the clerk's

office written notice of his change to the Marengo address in accordance with local rules, the local rules actually require notice be given to the assignment office, not the clerk's office. *See* Loc.R. 11.03 of the Franklin County Court of Common Pleas, General Division ("Counsel shall file with the assignment office written notice of any change of address."). In any event, the record does not contain Hill's written notice. At the trial level, Hill submitted an affidavit averring he gave the clerk's office notice in fall 2010. However, his use of the Gahanna address in a February 2011 filing contradicted that averment. Contrary to Hill's contention, the fact that his Marengo address appeared on the April 8, 2013 entry does not prove the clerk's office received his written change of address and told the trial court of it but failed to record the new address. Instead, the record suggests Freeh prepared the entry for the trial court per the magistrate's instructions.

{¶ 19} Although Hill attempts to use facts outside the record about when his post office boxes were operational to argue he simply made a mistake about the timing of the written notice he claims to have given, a " 'bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial.' " *Colley v. Colley*, 10th Dist. No. 09AP-333, 2009-Ohio-6776, ¶ 12, quoting *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13, citing App.R. 9 and 12(A)(1)(b). Thus, we may not rely on factual assertions outside the record to review the ruling on Hill's motions. *See id.*

{¶ 20} Hill cites our decision in *Cincinnati Emergency Servs., Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 02AP-1084, 2003-Ohio-3302 as support for his position on appeal. In that case, the appellant complained the trial court erred in granting a Civ.R. 41(B)(1) dismissal for failure to prosecute. *Id.* at ¶ 8. Specifically, the appellant argued all pleadings filed with the trial court indicated its correct address, but the clerk's office used an incorrect address when mailing notices to the appellant after a certain date. *Id.* We reversed in part because our review of the record revealed notice of a hearing date "was sent to the wrong address as it was returned to the clerk's office, marked 'not deliverable as addressed-unable to forward.' " *Id.* at ¶ 13. Although unclear, our decision suggests that the address the clerk's office used was not the last known address of record.

{¶ 21} In this case, the only evidence before the trial court that Hill actually notified the clerk's office of the Marengo address was his own affidavit, which lacked credibility. Therefore, the trial court did not act in an unreasonable, arbitrary or

unconscionable manner when it rejected Hill's claim that an error by the clerk's office resulted in a deprivation of due process that justified granting him relief from judgment. Because Hill failed to demonstrate entitlement to relief under one of the grounds specified in Civ.R. 60(B)(1) through (5), the trial court did not abuse its discretion in denying his April 23, 2013 motions for relief from judgment. We need not address whether Hill's motions satisfied the other parts of the test from *GTE Automatic Elec.*

## IV. CONCLUSION

{¶ 22} For the foregoing reasons, we overrule the sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, J., concurs.
DORRIAN, J., dissents.

DORRIAN, J., dissenting.

{¶ 23} I respectfully dissent. I would find that it was an abuse of discretion to not grant Hill's motion per Civ.R. 60(B)(5). Two hearing notices, the magistrate's decision, and the trial court's judgment entry were all returned as not deliverable. Furthermore, the judgment entry had the Marengo address listed thereon, although it was sent to the Gahanna address. I would also find that Hill set forth a meritorious defense in his motion to vacate and filed the same in a reasonable time. For these reasons, I would sustain the assignment of error and reverse the trial court's judgment.

———————————