OPINION
{¶ 1} Appellant Michael Kralik appeals the decision of the Muskingum County Court of Common Pleas that granted Appellee Peter Jensen's motion for appointment of receiver. The following facts give rise to this appeal.
 {¶ 2} This lawsuit involves Zanesville Heart Specialists, Inc. ("ZHS"), an Ohio corporation, formed on or about May 30, 2002. The two shareholders of ZHS are Appellant Michael Kralik and Appellee Peter Jensen. Each party are equal shareholders and also serve as officers and directors. ZHS entered into a cardiothoracic services agreement with Genesis Health Systems ("Genesis"). Pursuant to this agreement, ZHS provided exclusive cardiothoracic surgical services for Genesis.
 {¶ 3} In November 2002, the president and chief executive officer of Genesis demanded that appellant stop performing services, under the cardiothoracic services agreement, within fourteen days of receipt of the correspondence from Genesis. Appellant refused to resign. Thereafter, Genesis terminated the agreement effective November 22, 2002.
 {¶ 4} Subsequently, appellee resigned as an employee of ZHS. ZHS remains in existence and has corporate assets and liabilities. On May 20, 2003, appellee filed a complaint in order to facilitate the corporate dissolution of ZHS. Appellant filed an answer and counterclaim on July 15, 2002, which he thereafter amended on August 4, 2003. Appellee served a motion for appointment of receiver on July 22, 2003. The trial court granted appellee's motion on July 28, 2003.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court erred by appointing a receiver without evidence supporting the necessity of a receiver.
 {¶ 7} "II. The trial court erred by granting a motion for appointment of receiver without first following the local rule permitting the filing of an opposing Memorandum within ten days."
 I, II {¶ 8} We will address appellant's First and Second Assignments of Error simultaneously as the arguments presented under these assignments of error are related. In his First Assignment of Error, appellant maintains the trial court erred when it appointed a receiver without any evidence, before the court, supporting the necessity for an appointment of a receiver. In his Second Assignment of Error, appellant contends the trial court erred when it appointed a receiver without first providing him an opportunity to file an opposing memorandum pursuant to the local rules of court. We agree with both assignments of error.
 {¶ 9} Appellee sought the appointment of a receiver under R.C. 1701.91(C). This statute provides:
 {¶ 10} "Upon the filing of a complaint for judicial dissolution, the court with which it is filed shall have the power to issue injunctions, to appoint a receiver with such authority and duties as the court from time to time may direct, to take such other proceedings as may be necessary to protect the property or the rights of the complainants or of the persons interested, and to carry on the business of the corporation until a full hearing can be had."
 {¶ 11} The parties seeking the appointment of a receiver must show the need for a receiver by clear and convincing evidence.Equity Centers Dev. Co. v. S. Coast Centers, Inc. (1992),83 Ohio App.3d 643, 649. "Clear and convincing evidence" is defined as "that degree of proof which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." [Citations omitted.] Barkley v. Barkley
(1997), 119 Ohio App.3d 155, 168-169.
 {¶ 12} It has long been recognized that the trial court is vested with sound discretion to appoint a receiver. State exrel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 73. The Ohio Supreme Court recently stated:
 {¶ 13} "A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." Id. at 73, fn. 3, citing 65 American Jurisprudence 2d (1972), 873, 874, Receivers, Section 19, 20.
 {¶ 14} On appeal, the decision to appoint a receiver may only be reviewed for the purpose of determining whether there is evidence tending to prove the facts essential to sustain the order. Id. at 649-650. As a reviewing court, we may not consider the weight of the evidence. The trial court's decision cannot be reversed absent a clear abuse of discretion. State ex rel.Celebrezze at 73. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In support of his First Assignment of Error, appellant contends appellee did not establish, by clear and convincing evidence, the appointment of a receiver was necessary for the preservation of the petitioning party's rights. Appellee did not file any affidavits in support of the motion nor did the trial court conduct a hearing on the motion. Appellee maintains the trial court did have evidentiary material before it. Specifically, appellee refers to the evidence found in the verified complaint. The verified complaint contains a verification sworn to under oath by appellee in which he affirmatively states that the statements contained, in the complaint, are true. Appellee claims the trial court relied upon the verified complaint, a form of affidavit evidence, when it appointed the receiver.
 {¶ 16} Although the record contains a verified complaint, we conclude this is not clear and convincing evidence tending to prove the facts essential to sustain appellee's motion. The verified complaint does not address all the various issues a trial court is required to consider, before appointing a receiver, according to the Celebrezze decision. Also, the trial court's judgment entry appointing the receiver does not mention what evidence it considered when it granted appellee's request.
 {¶ 17} Further, as it pertains to appellants' Second Assignment of Error, the trial court appointed a receiver without providing appellant with an opportunity to respond and present evidence contrary to appellee's request. Appellee filed his motion for appointment of receiver on July 24, 2003. The trial court granted the motion on July 28, 2003. According to Loc.R. 5(B) of the Muskingum County Court of Common Pleas, in civil motions, "[a]ny opposing memorandum shall be filed within ten days from the date of service of the motion and supporting memorandum * * *." Section (D) of Loc.R. 5 also provides that a party may request oral argument on the motion.
 {¶ 18} Accordingly, we conclude the trial court clearly abused its discretion when it appointed a receiver because the trial court did not have before it clear and convincing evidence establishing the need for the appointment of a receiver. The trial court also did not comply with the Local Rules of Court when it granted appellee's motion for appointment of receiver without first allowing appellant to respond and request oral argument on the motion.
 {¶ 19} Appellant's First and Second Assignments of Error are sustained.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Hoffman, P.J., and Farmer, J., concur.