OPINION
{¶ 1} This is an appeal from a final judgment of the court of common pleas entered pursuant to R.C. 119.12, affirming an order of the State Personnel Board of Review ("SPBR").
 {¶ 2} Appellant, William Jackson, was employed by *Page 2 
Appellee, Ohio Department of Rehabilitation and Correction, Dayton Correctional Institution ("DCI"), in the position of Correctional Food Service Manager 1, a classified position. On March 2, 2006, DCI served an Order of Reduction on Jackson finding that he had violated its Standards of Employee Conduct ("SOEC"), Sections 49 and 14. Section 49 prohibits any violation of R.C. 124.34. Section 14 prohibits theft.
 {¶ 3} R.C. 124.34 provides that no officer or employee in the classified service of the state "shall be reduced in pay or position, . . . except . . . for . . . neglect of duty, . . . any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony." The specifications in the Order of Reduction served on Jackson tracks those acts of misconduct in alleging a violation of SOEC Section 49.
 {¶ 4} SOEC Section 14 prohibits acts constituting theft. The specification in the Order of Reduction served on Jackson states:
 {¶ 5} "SOEC #14. Theft. As a supervisor with full autonomy of your work schedule, you fraudulently claimed to have worked on the following days: Nov. 23, 2005, and Oct. 21, 2005, resulting in theft in office (in the amount of $379.68). Your actions clearly demonstrate that you can not be trusted *Page 3 
to manage your time or duties."
 {¶ 6} Based on its findings and conclusions, DCI demoted Jackson in pay and position to Correctional Food Service Coordinator. Jackson filed a notice of appeal to the SPBR pursuant to R.C. 124.34(B).
 {¶ 7} Following hearings, an Administrative Law Judge of the SPBR recommended that DCI's Order of Reduction be affirmed. Jackson filed objections to that report and recommendation. The SPBR overruled the objections and affirmed the Order of Reduction. Jackson filed a notice of appeal to the court of common pleas pursuant to R.C. 119.12. That court affirmed the SPBR. Jackson filed a timely notice of appeal to this court.
ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT PLAINLY ERRED BY FAILING TO PROPERLY ADJUDGE THE INTERRELATION OF SOEC RULES 14 AND 49 AS THEY RELATED TO THE CHARGES AGAINST JACKSON, AND FURTHER ERRED BY DECLINING TO ADDRESS JACKSON'S INTENT."
 {¶ 9} The gist of Jackson's argument is that, because the violation of SOEC Section 49 alleged by DCI, a violation of R.C. 124.34, necessarily turns on the violation of SOEC Section 14 that was also alleged, involving theft, and because the SPBR erred when it found that a theft occurred, the trial *Page 4 
court abused its discretion when it affirmed the decision of the SPBR.
 {¶ 10} We do not agree that the two violations are interdependent. A single course of conduct can violate two or more separate prohibitions. R.C. 124.34 permits a reduction in grade for "neglect of duty." The evidence shows that on the two dates concerned, after clocking-in, Jackson left work without clocking-out, as he was required to do, and returned later in the same day and then clocked-out. That is a neglect of duty, independent of whether in collecting pay for those days Jackson also engaged in theft.
 {¶ 11} Jackson's contention that the trial court erred in finding that SERB could find that a theft occurred implicates the following statement of the Administrative Law Judge in his report and recommendation:
 {¶ 12} "If the Order of Reduction issued to the Appellant in this proceeding could be decided based upon the intentions of the Appellant, and if the Appellant's claim about a lack of culpable intent were to be believed, such a defense could be employed to disaffirm or modify the disciplinary action imposed. The intention of the Appellant, however, in participating in the alleged misconduct within the Order of Reduction is not the issue upon which this reduction order *Page 5 
rests. In this reduction action, as well as in all disciplinary cases, the finder of fact is less concerned with the intention of the accused and more concerned with whether the alleged misconduct occurred, and if so, what disciplinary action reasonably attaches to the proven misconduct." (Dkt 1, Report and Recommendation Attachment, p. 15).
 {¶ 13} Jackson argues that because the offense of theft defined by R.C. 2913.02 requires proof of the actor's "purpose to deprive the owner of property or services," and because per R.C. 2901.21 criminal liability for theft requires proof of "purpose" as defined by R.C. 2901.22(A), the Administrative Law Judge and the SPBR erred when it found that Jackson's intention was not in issue.
 {¶ 14} R.C. 2901.22(A) provides:
 {¶ 15} "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
 {¶ 16} Jackson testified that his failures to clock-out were inadvertent, and not done with a purpose to obtain pay for work he did not perform. He also pointed out that, *Page 6 
because he could have claimed paid leave for those times, DCI suffered no loss of property.
 {¶ 17} The Administrative Law Judge disbelieved Jackson, apparently concluding that Jackson's conduct manifested a specific intention to engage in prohibited conduct, and on that basis found that Jackson acted purposely to deprive DCI of monies he was paid for work he failed to perform. Any expression in the report and recommendation that appears to belie that finding is no more than a lapsus linguae on the part of the Administrative Law Judge.
 {¶ 18} R.C. 119.12 authorizes the common pleas court to affirm an administrative agency's order if it is "supported by reliable, probative, and substantial evidence" and is "in accordance with law." The court must give deference to the agency's resolution of factual conflicts unless they are clearly unsupportable. Jones v. Franklin Cty.Sheriff (1990), 52 Ohio St.3d 40. On review, we must affirm the judgment of the trial court unless we find an abuse of discretion; that is, a "perversity of will, passion, prejudice, partiality or moral delinquency." Pons v. State Medical Board (1993), 66 Ohio St.3d 619.
 {¶ 19} It may be that Jackson's misconduct arose more out of neglect that it did out of a conscious intent to deprive *Page 7 
DCI of monies it later paid him. However, SERB found otherwise on the evidence before it, and the trial court affirmed that finding. We cannot find that the court abused its discretion in so doing.
 {¶ 20} The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur.
Copies mailed to:
David M. Duwel, Esq.
Megan H. Boiarsky, Esq.
Michael C. McPhillips, Esq.
 Hon. Mary Lynn Wiseman *Page 1