[Cite as *Clem D's Auto Sales v. Bur. of Motor Vehicles*, 2014-Ohio-951.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CLEM D's AUTO SALES :

    Plaintiff-Appellant : C.A. CASE NO. 25923

v. : T.C. NO. 11CV5373

BUREAU OF MOTOR VEHICLES : (Civil appeal from
                                            Common Pleas Court)

    Defendant-Appellee :

:

. . . . . . . . . .

**O P I N I O N**

Rendered on the     14th     day of     March    , 2014.

. . . . . . . . . .

RICHARD A. F. LIPOWICZ, Atty. Reg. No. 0018241, 130 W. Second Street, Suite 1900, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellant

RACHEL HUSTON, Atty. Reg. No. 0074934, Assistant Attorneys General, Executive Agencies Section, 30 E. Broad Street, 26th Floor, Columbus, Ohio 43215
        Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}**   Clem D's Auto Sales appeals from two decisions of the Montgomery

County Court of Common Pleas in an administrative appeal from the adjudication of the Ohio Motor Vehicle Dealer's Board ("the Board"), revoking its used motor vehicle dealer's license. The first decision overruled the appeal and affirmed the adjudication of the Board. The second decision sustained the Board's motion to strike the affidavits of Clement Dare and Jo Lewis-Dare and overruled the Dares' motion to reconsider the denial of their request for admission of additional evidence.

{¶ 2} For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 3} The administrative record reveals the following facts.

{¶ 4} In early 1999, Clement C. Dare, as owner of "Clem D" on Third Street in Dayton, obtained a used motor vehicle dealer license from the Ohio Bureau of Motor Vehicles (Used Motor Vehicle Dealer License #UD011455). In 2002, Dare applied and received approval for his business, Clem D's Auto Sales, to be relocated to 5275 North Dixie Drive in Dayton.

{¶ 5} In June 2007, Jasmine Gamble purchased a 1999 Pontiac Grand Prix from Clem D's Auto Sales. Gamble made a $2,000 down payment and financed the remaining balance through a retail installment contract with the dealership. The vehicle promptly malfunctioned, and Gamble returned the vehicle. Clem D's Auto Sales allegedly kept the vehicle, but did not provide a suitable replacement and refused to remit any portion of Gamble's payments.

{¶ 6} On October 24, 2007, Gamble filed a small claims action against "Clemmont D's Auto Sales" in the Vandalia Municipal Court. The complaint was sent to

Clem D's Auto Sales' address, and a certified mail receipt was signed by Latisha Teague. Clem D's Auto Sales did not respond to the complaint, and Gamble obtained a default judgment in the amount of $2,500, plus interest and court costs, in January 2008. In December 2008, upon application by Gamble, the municipal court issued an order and notice of garnishment against "Clemmont D" at 5275 North Dixie Drive. The order was served by certified mail and signed for by Nicole Lewis.

{¶ 7} On November 17, 2009, counsel for Gamble filed a complaint against Clement Dare, as owner of Clem D's Auto Sales, with the Ohio Bureau of Motor Vehicles, Dealer and Salesperson Licensing Unit. Counsel indicated that Dare had refused to pay the municipal court's judgment and had engaged in other conduct warranting an investigation. On March 9, 2010, at the Dealer Licensing Unit's request, counsel confirmed that the full amount of the judgment remained unpaid.

{¶ 8} On March 11, 2010, the Ohio Motor Vehicle Dealers Board notified Dare of the complaint and advised him of his opportunity to request a formal hearing before the Board. Dare timely requested a formal hearing. He stated that he was refuting the charges on the grounds that Clem D's Auto Sales had never done business with Gamble and that Clem D's Auto Sales does not operate under the name "Clemmont D's Auto Sales."

{¶ 9} The Board responded that it would notify Dare of the exact date and time of the hearing. The letter indicated that Dare "may present [his] arguments, position, or contentions in writing, prior to the hearing date, for review by the Board. At the hearing, either [he] or [his] attorney may present evidence and examine witnesses appearing for or against the dealership."

{¶ 10} In January 2011, the BMV notified Dare that a hearing before the Board was scheduled for March 10, 2011. This letter told Dare: "You are advised that you may appear in person or with an attorney, or you may present your arguments, position, or contentions in writing. At the hearing, you may present and examine witnesses appearing for or against you." In February 2011, Gamble's counsel provided a status report to the Dealer Licensing Unit that the balance remained unpaid and the balance due as of March 20, 2011 was $3,398.01.

{¶ 11} On March 9, the day before the hearing, Jo Lewis-Dare, as Vice President of Clem D's Autos Sales, Inc.[1], asked for a continuance of the hearing, because Dare was in Jamaica for a funeral. The hearing was rescheduled for 9:00 a.m. on June 30, 2011.

{¶ 12} Neither Dare nor anyone on Dare's behalf attended the June 30 hearing before the Board. The sole witness was Kathy Corrigan, Chief of the Dealer Licensing Unit. Corrigan reviewed various documents, which were presented as Exhibits A, B, and C, and stated that they were true and accurate copies of records maintained by the Motor Vehicle Dealers Board. Exhibit A consisted of the hearing notices, Dare's request for a hearing, and the request for a continuance. Exhibit B was the complaint filed by Gamble's counsel, with attachments, including Gamble's retail installment contract, a copy of the default judgment and the garnishment order, and other related-court documents. Exhibit C consisted of documents related to Dare's license application and renewals, plus the two status updates from Gamble's counsel.

{¶ 13} On July 14, 2011, the Board found that Clem D's Auto Sales was a licensed

---

[1] One of the Board's memoranda to the trial court indicates that Clem D's Auto Sales was a for-profit corporation from June 15, 2004 until April 20, 2009 (Doc. #16).

used motor vehicle dealer in the State of Ohio, that the Vandalia Municipal Court had issued a judgment of $2,500 plus interest and court costs, against Clement D's Auto Sales and in favor of Gamble, a purchaser of a motor vehicle from Clem D's Auto Sales, and that on February 9, 2011, the judgment had not been satisfied and was not in the process of being satisfied. The Board concluded that the failure to satisfy a judgment would be grounds to deny an application for a license, pursuant to R.C. 4517.12(A)(8), and when such grounds exist, the Board "shall suspend or revoke or notify the registrar to refuse to renew the used motor vehicle dealer's license pursuant to [R.C.] 4517.33 * * *." The Board ordered the license issued to "Clem D's Auto Sales, Clement Dare, Owner" to be revoked.

{¶ 14} Clem D's Auto Sales appealed the Board's adjudication to the Montgomery County Court of Common Pleas. While the appeal was pending, Clem D's Auto Sales requested the admission of additional affidavits and testimony from Dare and Lewis-Dare, as well as a March 9, 2011 written statement by Lewis-Dare. The proposed evidence related to the Dares' knowledge of the existence of Gamble's lawsuit and to the Board's failure to consider Lewis-Dare's written statement, which was allegedly sent to the Board prior to the hearing. The trial court overruled the request, concluding that it did not meet the requirements of R.C. 119.12 for the admission of additional evidence. The court reasoned that the information was available at the time of the hearing and, thus, the evidence was "not newly discovered evidence, nor was it incapable of being known with reasonable diligence before the hearing."

{¶ 15} The Board subsequently moved to strike the affidavits of Dare and Lewis-Dare and the exhibit to Clem D's Auto Sales' memorandum in the appeal. The trial

court granted the motion, and denied a subsequent request by Clem D's Auto Sales for reconsideration of the denial of its request for admission of additional evidence.

{¶ 16} In its memorandum on the merits of the appeal, Clem D's Auto Sales raised four issues (in addition to reiterating its request for the admission of additional evidence). First, the dealership argued that the Board erred by not finding that Gamble had sued and obtained a judgment against the wrong entity. Clem D's Auto Sales asserted that Clemmont D's Auto Sales has never been used as a trade name for Clem D's Auto Sales, and thus the judgment is not valid against Clem D's Auto Sales. Second, Clem D's Auto Sales claimed that Kathy Corrigan did not properly authenticate the documentary evidence (Exhibits A-C) at the administrative hearing. Third, the dealership claimed that it was denied due process when the Board considered inadmissible evidence against it (Exhibits A-C) and failed to consider Lewis-Dare's written statement of its arguments, position, and contentions. Fourth, Clem D's Auto Sales asserted that the complaint filed by Gamble's attorney was not verified, as required by Ohio Admin. Code 4501:1-3-13(B).

{¶ 17} On August 26, 2013, the trial court overruled Clem D's Auto Sales' administrative appeal and affirmed the Board's adjudication. The trial court ruled that Corrigan was qualified to authenticate the agency's documents and that Gamble's counsel verified the complaint by signing it. As for Lewis-Dare's statement to the Board, the trial court stated:

> Clem D's Auto Sales is [a] sole proprietorship owned by Clement Dare as evidenced by the application for motor vehicle dealer license. Only the owner or an attorney can represent a sole proprietorship in any type of

legal proceeding. Jo-Lewis Dare [sic] is neither the owner nor an attorney.

The Board was correct in not considering Mrs. Dare's letter.

{¶ 18} Clem D's Auto Sales appeals the trial court's decisions. Its two assignments of error claim that the trial court erred (1) "by overruling Appellant's administrative appeal" and (2) "when it struck the Affidavits of Clement Dare and Jo Lewis-Dare and would not allow Appellant to present additional evidence that could not be ascertained at the time of the Board's adjudication."

II.

{¶ 19} R.C. 119.12 applies to appeals of decisions of licensing boards. *Abe's Auto Sales v. Ohio Motor Vehicle Dealers Bd.*, 6th Dist. Lucas No. L-07-1165, 2008-Ohio-4739, ¶ 13. "Under R.C. 119.12, when a decision of a state board is appealed, a court of common pleas must decide whether the board's order was 'supported by reliable, probative, and substantial evidence and is in accordance with law.'" *Spitznagel v. State Bd. of Edn.*, 126 Ohio St.3d 174, 2010-Ohio-2715, 931 N.E.2d 1061, ¶ 14, quoting R.C. 119.12. The trial court must give deference to the board's resolution of factual conflicts unless they are clearly unsupportable. *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2d Dist. Montgomery No. 22580, 2009-Ohio-896, ¶ 18.

{¶ 20} An appellate court's review is more limited than that of the trial court. In reviewing the trial court's determination on whether the order was supported by reliable, probative, and substantial evidence, the appellate court is limited to determining whether the trial court abused its discretion. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992), citing *Lorain City Bd. of*

*Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988). An abuse of discretion means that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When reviewing whether the Board's, or the trial court's, order was in accordance with the law, an appellate court's review is de novo. *Spitznagel* at ¶ 14.

**{¶ 21}** Clem D's Auto Sales sought to introduce additional evidence before the trial court. The dealership supported its motion with affidavits from Dare and Lewis-Dare. Both Dare's and Lewis-Dare's affidavits stated that (1) Clem D's Auto Sales had never operated under the name "Clemmont D's Auto Sales," (2) they were not aware of Gamble's lawsuit or the municipal court's judgment until they received the March 10, 2011 complaint from the BMV, and (3) they learned after Dare hired an attorney in July 2011 that Gamble's complaint was served on Latisha Teague, who was unknown to them. Lewis-Dare further stated that she sent a fax of Clem D's Auto Sales' statements of arguments, position and contentions to "Sheri" at the BMV on March 9, 2011 and early June 2011, but that letter was not contained in the administrative record. That letter (Exhibit 1), signed by Lewis-Dare as Vice President of Clem D's Auto Sales, Inc., informed the BMV that Clem D's Auto Sales did not know of Gamble's lawsuit until receiving the BMV complaint, that the dealership obtained copies of Gamble's submissions to the BMV, that Gamble had not sued Clem D's Auto Sales, and thus Gamble "had no case against Clem D's Auto Sales, Inc. [and] we have no legal obligation to address her judgment."

**{¶ 22}** R.C. 119.12 addresses the admission of additional evidence during an appeal from the Board's ruling. The statute provides, in relevant part:

Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.

{¶ 23} None of Clem D's Auto Sales' proposed additional evidence meets the requirements of R.C. 119.12. The dealership discovered after the hearing that Lewis-Dare's letter was not in the administrative record, which suggested that the letter was not considered. However, almost all of the information that Lewis-Dare sought to relay in the letter – that the dealership never operated as Clemmont D's Auto Sales and their lack of knowledge regarding Gamble's lawsuit – was known to the Dares prior to the hearing. The Dares state that they were unaware that Gamble's complaint was served on Latisha Teague until after they hired an attorney (after the hearing), but that information was on the Vandalia Municipal Court's online docket. A November 17, 2009 printout of the online docket was part of the administrative record, and the Dares could have also located that information prior to the hearing. The trial court thus properly concluded that the proposed additional evidence did not satisfy R.C. 119.12. Accordingly, the trial court did not err in denying Clem D's Auto Sales' request for admission of additional evidence, striking that evidence, and denying the dealership's request for reconsideration of the court's decision.

{¶ 24} Clem D's Auto Sales further argues that it was denied due process when the Board failed to consider Lewis-Dare's letter (Exhibit 1) and considered the documentary

evidence authenticated by Corrigan (Exhibits A-C).

{¶ 25} First, assuming that the BMV received Lewis-Dare's letter,[2] we agree with the trial court that the Board did not err in failing to consider it. Dare's initial dealership application reflected that he was operating as a sole proprietorship. "A sole proprietorship has no legal identity separate from that of the individual who owns it. It may do business under a fictitious name if it chooses, but '* * * [d]oing business under another name does not create an entity distinct from the person operating the business.'" *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 589 N.E.2d 1306 (1992), quoting *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1387 (D.Neb.1977); *State v. Lowman Lumber Co.*, 2d Dist. Montgomery No. 22398, 2009-Ohio-63, ¶ 19. As a sole proprietorship, only Dare or an attorney for Dare could represent Clem D's Auto Sales before the Board; Lewis-Dare was unable to file a statement of Clem D's Auto Sales' arguments, position, or contentions on its behalf.

{¶ 26} Moreover, Clem D's Auto Sales could not rely on Lewis-Dare's correspondence to present evidence. The hearing notices indicated that Clem D's Auto Sales could "present [its] arguments, position, or contentions in writing." Nothing in the Board's notices suggested that the dealership was relieved of its obligation to appear to present evidence. To the extent that Lewis-Dare's letter included factual statements (such as statements that Clem D's Auto Sales did not know of Gamble's lawsuit until receiving the

---

[2]There is no evidence that this letter was received by the BMV, and the statements in Lewis-Dare's affidavit provide the only evidence that the letter was sent. Neither the cover letter nor the letter attached to Lewis-Dare's affidavit has transmission information; Lewis-Dare did not provide a fax confirmation page. Nevertheless, for sake of argument, we will assume that the BMV received the letter and chose not to consider it.

BMV complaint), Dare was required to appear at the hearing with witnesses (himself and/or others) and to present his version of events under oath.

**{¶ 27}** Second, the Board did not err in considering the exhibits identified by Corrigan. Ohio Admin. Code 4501:1-13-21(A) states that, "[i]n all hearings before the board, the introduction of evidence shall be governed in general by the rules of evidence." "Evid.R. 901(A) requires, as a condition precedent to the admissibility of evidence, a showing that the matter in question is what it purports to be." *State v. Simmons*, 2d Dist. Montgomery No. 24009, 2011-Ohio-2068, ¶ 12. The threshold standard for authenticating evidence is low, *State v. Wiley*, 2d Dist. Darke No. 2011 CA 8, 2012-Ohio-512, ¶ 11, and Evid.R. 901(B) provides examples of numerous ways that the authentication requirement may be satisfied. The most commonly used method is testimony that a matter is what it is claimed to be under Evid.R. 901(B)(1). *State v. Renner*, 2d Dist. Montgomery No. 25514, 2013-Ohio-5463, ¶ 30.

**{¶ 28}** After reviewing the documents in Exhibits A, B and C, Corrigan testified that the documents were true and accurate copies of records maintained by the Motor Vehicle Dealers Board. Neither Dare nor an attorney on his behalf attended the hearing, and no objection was made regarding Corrigan's authentication and/or the admissibility of the exhibits. In the absence of an objection, Clem D's Auto Sales has waived its challenge to the admissibility of the documents.

**{¶ 29}** Next, Clem D's Auto Sales argues that complaint was improper because it was not verified.

**{¶ 30}** R.C. 4517.33 states, in part, that the Board "may make rules governing its

actions relative to the suspension and revocation of dealers' * * * licenses, and may, upon its own motion, and shall, upon the verified complaint in writing of any person, investigate the conduct of any licensee under sections 4517.01 to 4517.65 of the Revised Code." Ohio Admin. Code 4501:1-3-13, which also concerns the instituting of complaints before the Board, further provides:

> (A) The board may, upon its own motion, investigate any license holder for alleged violations of law or of the rules of this board. If such investigation discloses any such violations, such license holder shall be informed that reasonable grounds for suspension or revocation of the license exist.

> (B) The board shall, upon verified written complaint of any person filed with the secretary or acting secretary of the board, investigate as to the matters complained of, and if such investigation develops any apparent violation of the laws or of the rules of this board, such license holder shall be informed that reasonable grounds for suspension or revocation of the license exist.

A verified complaint contains a verification sworn to under oath that the statements contained in the complaint are true. *See Jensen v. Zanesville Heart Specialists, Inc.*, 5th Dist. Muskingum No. CT2003-0043, 2004 -Ohio- 873, ¶ 15.

{¶ 31} Gamble's complaint to the Board, which was submitted by counsel, was not verified. However, we find nothing to suggest that the Board, in its discretion, cannot elect to investigate matters in the absence of a verified complaint. R.C. 4517.33 and Ohio Admin. Code 4501:1-3-13(B) require the Board to investigate verified complaints, but

nothing prohibits the Board from investigating non-verified complaints. Indeed, Ohio R.C. 4517.33 and Admin. Code 4501:1-3-13)(A) permit the Board to investigate complaints on its own motion. The lack of a verified complaint does not warrant reversal of the trial court's, and the Board's, decision.

{¶ 32} Finally, Clem D's Auto Sales contends that the trial court should have sustained its administrative appeal, because the default judgment was against another entity and was thus invalid as to Clem D's Auto Sales.

{¶ 33} R.C. 4517.12(A) states, in relevant part:

(A) The registrar of motor vehicles shall deny the application of any person for a license as a motor vehicle dealer * * * and refuse to issue the license if the registrar finds that the applicant:

* * *

(8) Is of insufficient responsibility to ensure the prompt payment of any final judgments that might reasonably be entered against the applicant because of the transaction of business as a motor vehicle dealer * * * during the period of the license applied for, or has failed to satisfy any such judgment[.]

R.C. 4517.33 further provides that "[t]he board shall suspend or revoke or notify the registrar to refuse to renew any dealer's * * * license, if any ground existed upon which the license might have been refused, or if a ground

exists that would be cause for

refusal to issue a license."

**{¶ 34}** At the outset, we note that the validity of the Vandalia Municipal Court judgment is not before us. The question is whether the trial court reasonably found support for the Board's factual finding that Gamble had obtained a judgment against Clem D's Auto Sales.

**{¶ 35}** The evidence before the Board indicated that Gamble purchased a 1999 Pontiac Grand Prix from Clem D's Auto Sales, located at 5275 North Dixie Drive in Dayton, and she made a $2,000 down payment on the vehicle. The garnishment order issued by the Vandalia Municipal Court reflected that Clemmont D's Auto Sales was located at 5275 North Dixie Drive, the same address as Clem D's Auto Sales, and the online docket of the court reflected that Clemmont D's Auto Sales was successfully served by certified mail. No one responded to Gamble's complaint, and she subsequently obtained a default judgment against Clemmont D's Auto Sales. Dare's original application for a motor vehicle dealer license indicated that he had operated his business as "Clem D" at that time.

**{¶ 36}** Other than the small disparity between the names Clem D's Auto Sales and Clemmont D's Auto Sales, there was no evidence before the Board that intimated that Dare, as owner of Clem D's Auto Sales, was not liable for the judgment against Clemmont D's Auto Sales, located at the same business address. Dare had used another similar name, Clem D, when he first applied for a license. Clem D's Auto Sales may have been incorporated in 2007, when Gamble's action was filed, but that information was not before the Board; there was no evidence before that Board that Clem D's Auto Sales was a separate

entity from Dare personally. Given the evidence before the Board, the Board reasonably concluded that the Vandalia Municipal Court judgment was valid against Clem D's Auto Sales and could be a basis to revoke Clem D's Auto Sales's dealer license.

{¶ 37} Clem D's Auto Sales' assignments of error are overruled.

III.

{¶ 38} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Richard A. F. Lipowicz
Rachael Huston
Hon. Frances E. McGee