The STATE of Ohio, Appellee,

v.

GARY, Appellant.

[Cite as State v. Gary (1996), 117 Ohio App.3d 286.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69750.

Decided Dec. 20, 1996.

---

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Melody A. White,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Jean M. Gallagher,* Assistant Public Defender, for appellant.

JAMES M. PORTER, Judge.

Defendant-appellant Ricky Gary appeals from his conviction for endangering children (R.C. 2919.22[B][3] ), which the trial court found was a "lesser included

offense" of felonious assault, for which the defendant was indicted. Both the defendant-appellant and the state agree that endangering children is not a lesser included or inferior offense of felonious assault and that defendant was improperly convicted. We find merit to the appeal and reverse the judgment and discharge the defendant for the reasons hereinafter stated.

Gary was charged in a two-count indictment: Count I for felonious assault (R.C. 2903.11[A][1]) and Count II for endangering children (R.C. 2919.22); other co-defendants were also charged with endangering children in Counts III and IV. The charges against Gary related to alleged assaults on his nine-year-old child, Ronald Gary. The defendants waived a jury trial.

After a trial to the bench, the trial court found Gary not guilty of felonious assault in Count I and not guilty of endangering children in Count II. The trial court, however, then proceeded to find the defendant guilty of child endangering as a lesser included offense of the felonious assault charge.

In open court, the trial court held:

"The Court herein is not convinced beyond a reasonable doubt that the State has proven the element of felonious assault, as contained in this count in the indictment, and the defendant is acquitted.

"However, the Court is convinced upon review of all of the evidence in this case, through its notes and exhibits, that the defendant created a substantial risk of a harm to his son Ronald, while he was disciplining his son, and he did so in an excessive manner, and that the discipline went too far, and it was cruel under the circumstances.

"So therefore, the court today is finding the defendant guilty of a lesser included offense of child endangering, pursuant to Ohio Revised Code Section 2919.22(B)3. It's a felony of the third degree."

The journal entry then stated the following:

"The defendant herein having, on a former day of court having been found guilty by the court of a lesser included offense of child endangering, ORC 2919.22(B–3), Felony–3 as amended in count one of the indictment."

As a court speaks only through its journal, the journal entry controls. *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324, 1326; *State v. Smelcer* (1993), 89 Ohio App.3d 115, 127, 623 N.E.2d 1219, 1227.

Defendant was sentenced to two to ten years. This court granted a delayed appeal.

Defendant's first and dispositive assignment of error states as follows:

"I. Mr. Gary was denied due process (Ohio Const. Article I, Section 16 and U.S. Const.Amend. XIV) and improperly convicted of a crime without indictment by a grand jury (Ohio Const. Article I, Section 10 and U.S. Const.Amend. V) when the trial court sua sponte amended felonious assault to endangering children which is not a lesser included offense of felonious assault."

The trial court's *sua sponte* amendment of the indictment noted above was improper, and the conviction must be vacated. Endangering children is not a lesser included offense or an offense of inferior degree to felonious assault because it has an element that felonious assault does not. *State v. Barton* (1991), 71 Ohio App.3d 455, 465, 594 N.E.2d 702, 709; *State v. Whalen* (Nov. 27, 1991), Cuyahoga App. No. 59366, unreported, 1991 WL 251668. In addition, the defendant's conviction for child endangering violated the Fifth Amendment guaranty against double jeopardy.

The trial court in Count II specifically found the defendant not guilty of child endangering. The time period for the offense in Count II was November 1, 1993 to October 7, 1994. The trial court then attempted to find defendant guilty of the same offense, child endangering, as a lesser included offense of the felonious assault charge, which allegedly occurred from October 1, 1994 to October 7, 1994. This was plain error. A trial court cannot find a defendant not guilty of a specific crime in one count and then attempt to convict the defendant on the same crime as a lesser included offense of a separate offense. *State v. Liberatore* (1983), 4 Ohio St.3d 13, 15, 4 OBR 11, 13, 445 N.E.2d 1116, 1118; *State v. Worsencroft* (1995), 100 Ohio App.3d 255, 261, 653 N.E.2d 746, 749–750; *State v. Crago* (1994), 93 Ohio App.3d 621, 637, 639 N.E.2d 801, 811–812.

The trial court's acquittal of defendant of child endangering in Count II prevented any future conviction as the crimes charged were identical and represented the same offense. *State v. Tolbert* (1991), 60 Ohio St.3d 89, 90, 573 N.E.2d 617, 619–620. See, also, *Ashe v. Swenson* (1970), 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476.

The state concurs in this position and states as follows in its brief at 1–2:

"Based upon *State v. Kidder* (1987), 32 Ohio St.3d 279 [513 N.E.2d 311], and other cases cited by appellant, the State agrees that Child Endangering is not a lesser included offense of Felonious Assault. Indeed, the State cannot imagine a scenario where Child Endangering could ever be considered a lesser included offense of Felonious Assault.

"The State, therefore, agrees that the defendant was improperly convicted and should be discharged.

" * * *

"The State requests that the defendant's conviction be vacated and the defendant discharged at the Court's earliest convenience."

Accordingly, we sustain defendant's Assignment of Error I. Assignment of Error II is moot.

The judgment of conviction is reversed and vacated. The defendant is hereby discharged forthwith.

*Judgment accordingly.*

JAMES D. SWEENEY, P.J., and PATRICIA A. BLACKMON, J., concur.