[Cite as *State v. Lampela*, 2016-Ohio-8007.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                                    Court of Appeals No. OT-15-042

      Appellee                                              Trial Court No. CRB 1500158 A/B/C/D

v.

Robert D. Lampela                                        **DECISION AND JUDGMENT**

      Appellant                                              Decided:  December 2, 2016

* * * * *

Mike Dewine, Ohio Attorney General, Jonathan Khouri and
Margaret Tomaro, Assistant Attorney Generals, for appellee.

Rick L. Ferrara, for appellant.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** Following a bench trial, defendant-appellant, Robert D. Lampela, appeals the October 8, 2015 judgment of the Ottawa County Municipal Court convicting him of disorderly conduct, a violation of R.C. 2917.11(A)(5). For the reasons that follow, we reverse.

## A. Background

**{¶ 2}** Put-In-Bay is a Lake Erie island located in Ottawa County. It has only 400 permanent residents, but it is a major tourist attraction in the summer, drawing approximately one to one-and-a-half million visitors. During the wintertime, Put-In-Bay maintains only three full-time law enforcement officers. During the summer months, however, the police department increases its staff to about 45-50 seasonal officers.

**{¶ 3}** Robert D. Lampela was employed with the Put-In-Bay police department from 1999 through 2015, and served as its chief from 2002 until his termination. On February 27, 2015, he was charged with dereliction of duty and falsification in connection with his alleged failure to investigate a report of sexual assault by one of its seasonal officers. He was also charged with aggravated menacing and falsification in connection with an incident in which he removed his firearm from its holster to get the attention of two of his subordinates while quizzing them on the amendments to the U.S. Constitution.

**{¶ 4}** Following a bench trial, the court found Lampela not guilty of dereliction of duty and falsification relating to the purported sexual assault report, and the state agreed to dismiss the second falsification charge relating to the incident involving Lampela's removal of his weapon. As to the aggravated menacing charge, the trial court found Lampela not guilty, but it convicted him of disorderly conduct, which the court characterized as a lesser-included offense. We limit our discussion of the facts to those related to Lampela's conviction.

2.

{¶ 5} The incident at issue occurred on March 10, 2010. Lampela attended a "state of the Island" address with his two subordinates, Sergeant Jeffrey Herold, who was employed by the department from 2004 until 2012, and Corporal Matthew Plesz, who was employed there from 2008 until 2011. Lampela, Herold, and Plesz retreated to the department's bunkhouse after the address. They sat on the couches there and discussed the address. Herold and Plesz had apparently been worried for some time about whether Lampela would arbitrarily fire them. Because of this fear, they made it a habit to secretly record their interactions with Lampela. Herold recorded their conversation that evening.

{¶ 6} Due to the department's need for numerous seasonal police officers, it tended to hire brand-new officers straight out of the police academy. Lampela was outspoken in his belief that it was his obligation to train these new officers. To that end, he often quizzed them on the Bill of Rights, sometimes at odd times. That is what happened on the evening in question. That night, after talking for about two hours, Lampela asked Herold, "What is the Second Amendment?" Herold was silent. Lampela removed his gun from its holster, dropped the magazine, racked the round out of the chamber, pointed the weapon up, and shouted, "What's the Second Amendment to the Constitution, Herold?" Herold then responded, "The right to bear arms." This is the conduct which led the state to charge Lampela with aggravated menacing, however, the charge was not filed until February of 2015, following a broader investigation of the police department.

{¶ 7} This broader investigation of the Put-In-Bay police department was conducted by the Ottawa County sheriff's department and began in 2014, after the

3.

sheriff's office received a variety of complaints ranging from accusations that officers were targeting particular citizens to allegations that officers gained unlawful entry into a building to tamper with security cameras. The March 10, 2010 incident was among those relayed to the sheriff's office and investigated.

{¶ 8} Lampela's explanation was that he used the unholstered gun to serve as a visual cue to impress upon Herold that the Second Amendment affords the right to bear arms. He insisted that he rendered the gun safe by removing the magazine and racking the round out of the chamber, and he maintained that he never pointed the gun at anyone. Ultimately, the trial court found Lampela not guilty of aggravated menacing, but guilty of disorderly conduct, purportedly a lesser-included offense. It is from this conviction that Lampela appealed. He assigns the following six errors for our review:

> I. THE TRIAL COURT ACTED CONTRARY TO LAW, COMMITTING PLAIN ERROR, IN FINDING APPELLANT GUILTY OF AN OFFENSE THAT AS A MATTER OF LAW WAS NOT A LESSER INCLUDED OFFENSE OF AGGRAVATED MENACING.

> II. THE TRIAL COURT COMMITTED PLAIN ERROR IN FINDING APPELLANT GUILTY OF DISORDERLY CONDUCT, FOR WHICH THE STATUTE OF LIMITATIONS EXPIRED AND FOR WHICH THERE WAS NO TOLLING CONDITION, WHEN DISORDERLY CONDUCT IS NOT ENUMERATED AS MISCONDUCT IN OFFICE AND APPELLANT HAD NOT INTERFERED WITH ITS REPORTING.

III. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO HEAR THE STATE'S CHARGE OF AGGRAVATED MENACING BECAUSE THE STATUTE OF LIMITATIONS FOR THAT OFFENSE HAD EXPIRED.

IV. THE STATE OF OHIO PRESENTED INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF DISORDERLY CONDUCT, BECAUSE IT FAILED TO PRESENT EVIDENCE THAT HE EITHER ACTED WITH HEEDLESS INDIFFERENCE TO HIS ROLE AS CHIEF OF POLICE; CAUSED AN OFFENSIVE OR DANGEROUS CONDITION; OR ACTED WITHOUT A PURPOSE THAT WAS REASONABLE AND LAWFUL[.]

a. The State Failed to Present Evidence that Appellant's Act was Not for a Lawful Purpose or a Reasonable Purpose.

b. The State Failed to Present Sufficient Evidence that Appellant's Actions Created a Condition that Was Physically Offensive to Persons or that Presented a Risk of Harm to Persons or Property.

c. The State Failed to Present Evidence that Appellant Acted Recklessly, Because It Failed to Present Evidence that he Acted With Heedless Indifference to the Consequences.

V. THE MANIFEST WEIGHT OF THE EVIDENCE FAILED TO SUPPORT APPELLANT'S CONVICTION FOR DISORDERLY CONDUCT.

VI. APPELLANT'S TRIAL COUNSEL PROVIDED

INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE

OBJECTIONS TO THE STATUTE OF LIMITATIONS.

**B. Law and Analysis**

**{¶ 9}** In his first assignment of error, Lampela argues that the trial court committed plain error when it convicted him of disorderly conduct because, he contends, it is not a lesser-included offense of aggravated menacing. He acknowledges that courts have found certain subsections of the disorderly conduct statute to be a lesser-included offense, but he maintains that the provision applicable here contains an additional element not contained in the aggravated menacing statute, thereby precluding it from being a lesser-included offense.

**{¶ 10}** The state urges that in analyzing whether the subsection of the disorderly conduct statute at issue here is a lesser-included offense, the factors established by the Ohio Supreme Court in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, and *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), must be applied. It emphasizes that the focus of the tests devised by the court is whether the accused is put on notice that an indictment for an offense could also result in prosecution of the lesser-included offense. It maintains that here, Lampela was on notice that he could be prosecuted for disorderly conduct.

**{¶ 11}** We begin by recognizing that Lampela neglected to raise this argument in the trial court, thus he has waived all but plain error. The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before

6.

they can be raised on appeal. It permits an appellate court to review an alleged error where such action is necessary to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978). In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome clearly would have been otherwise. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 62.

{¶ 12} "R.C. 2945.74 provides that a criminal defendant may be found guilty of a lesser included offense even though the lesser offense was not separately charged in the indictment." *Evans* at ¶ 8. In *Deem*, the Ohio Supreme Court devised a test to be applied to determine whether an offense is a lesser-included offense of another:

> An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. *Id.* at paragraph three of the syllabus.

{¶ 13} The court reaffirmed the *Deem* test in *Evans*, but modified it to delete the word "ever" from the second element. *Evans* at ¶ 6. It emphasized that the "test does not require identical language to define the two offenses." *Id.* at ¶ 22. It reiterated that "the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense." (Internal citations and quotations omitted.) *Id.* at ¶ 13. In fact, the Ohio Supreme Court has

7.

explained, "[i]t is essential to divorce the facts of a particular case from the statutory-elements analysis in order to preserve the defendant's right to notice of the charges against him." *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 15.

{¶ 14} The aggravated menacing statute provides that "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person * * *." R.C. 2903.21(A). The disorderly conduct statute at issue here provides that "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: * * * [c]reating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender." R.C. 2917.11(A)(5).

{¶ 15} Lampela argues that because disorderly conduct contains an element that aggravated menacing does not, it is not a lesser-included offense. The state urges that *Evans* makes clear that the test for determining whether an offense is a lesser-included offense of another is not a word game performed by simply matching the statutes' words.

{¶ 16} While we agree that *Evans* requires that the substance of the statutes be examined in making a lesser-included offense determination, we cannot ignore that disorderly conduct under (A)(5) of the statute does contain an element that aggravated menacing does not. "[T]he absence of a lawful and reasonable purpose" is, indeed, an element of the offense. *State v. Meyer*, 61 Ohio App.3d 673, 674, 573 N.E.2d 1098 (1st Dist.1988), paragraph two of the syllabus. *See also State v. Neptune*, 5th Dist. Ashland Case No. CA-969, 1991 Ohio App. LEXIS 1090, *7 (Mar. 8, 1991) ("[T]he State failed

8.

to allege and failed to prove an essential element of the crime of disorderly conduct in that they failed to present any evidence that appellant's conduct served no lawful and reasonable purpose to appellant."). While there are defenses to aggravated menacing which address an alleged lawful and reasonable purpose for the offender's conduct, it is not an element of the offense under R.C. 2903.21(A). *See e.g., State v. Ludt*, 180 Ohio App.3d 672, 2009-Ohio-416, 906 N.E.2d 1182, ¶ 21 (7th Dist.) (recognizing that self-defense, defense of others, and defense of property are among the defenses applicable to a charge of aggravating menacing).

{¶ 17} Because disorderly conduct under (A)(5) of the statute contains an additional element not found in the aggravated menacing statute, it cannot be deemed a lesser-included offense.

{¶ 18} The state also contends that there is significant precedent for the proposition that disorderly conduct is a lesser-included offense of aggravated menacing. While we agree that a number of cases have held R.C. 2917.11(A)(1) to be a lesser-included offense of aggravated menacing, we have found only one case pertinent to whether R.C. 2917.11(A)(5) is a lesser-included offense.

{¶ 19} Several weeks after the parties filed their briefs in this case, the Fifth District Court of Appeals in *State v. Cox*, 5th Dist. Stark No. 2015CA00174, 2016-Ohio-3250, considered whether disorderly conduct under R.C. 2917.11(A)(5) is a lesser-included offense of menacing under R.C. 2903.22(A). It concluded that disorderly conduct is not a lesser-included offense of menacing because "[t]he offense of menacing requires a subjective belief that the person believes the offender will cause physical harm,

9.

and a person can therefore commit menacing without committing disorderly conduct pursuant to R.C. 2917.11(A)(5), which requires an actual risk of physical harm or a situation that is physically offensive." *Cox* at ¶ 22. *See also State v. Compton,* 153 Ohio App.3d 512, 2003-Ohio-4080, 794 N.E.2d 771, ¶ 13 (1st Dist.) (reaching the same conclusion as *Cox* where similarly-worded domestic violence statute was at issue).

{¶ 20} The elements of menacing and aggravated menacing are identical except that menacing requires a belief of physical harm, while aggravated menacing requires a belief of "serious" physical harm. *Cox*, therefore, provides a second reason in support of Lampela's first assignment of error insofar as it holds that disorderly conduct under (A)(5) of the statute is not a lesser-included offense of menacing.

{¶ 21} Because we agree with Lampela that disorderly conduct under subsection (A)(5) is not a lesser-included offense of aggravated menacing, we conclude that the trial court committed plain error. *See State v. Gary,* 117 Ohio App.3d 286, 289, 690 N.E.2d 572, (8th Dist. 1996) (finding plain error where trial court convicted defendant of crime that was not a lesser-included offense of the crime charged); *State v. Campbell,* 8th Dist. Cuyahoga No. 73643, 1998 Ohio App. LEXIS. 5595, *4-5 (Nov. 25, 1998). Accordingly, we find Lampela's first assignment of error well-taken, reverse the judgment of the trial court, vacate his conviction, and discharge him from further prosecution. In light of our disposition of his first assignment of error, we need not address his remaining assignments.

## C. Conclusion

{¶ 22} Because disorderly conduct under R.C. 2917.11(A)(5) is not a lesser-included offense of aggravated menacing, we reverse the October 8, 2015 judgment of the Ottawa County Municipal Court.  The costs of this appeal are assessed to the state under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                _____
                                                                                            JUDGE
Arlene Singer, J.

                                                                    _____
James D. Jensen, P.J.                                                       JUDGE
CONCUR.

                                                                    _____
                                                                                            JUDGE