[Cite as *State v. Purpura*, 2025-Ohio-2527.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                   No. 114551

    v.                                   :

JEREMY PURPURA,                         :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 17, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689937-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa R. Riley, Assistant Prosecuting Attorney, *for appellee*.

Goldberg Dowell & Associates, LLC, and Adam Parker, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Jeremy Purpura appeals his convictions in this case.  Upon review of the record and relevant case law, we affirm.

{¶ 2} Following a bench trial, Purpura was convicted of the following offenses as charged in the indictment:

Count 1: Pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), a felony of the second degree;

Counts 2 and 3: Illegal use of minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a felony of the second degree;

Count 4: Illegal use of minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a felony of the fifth degree;

Count 5: Attempted, illegal use of minor in nudity-oriented material or performance in violation of R.C. 2923.02/2907.323(A)(1), a felony of the third degree;

Count 6: Possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, with forfeiture specification.

{¶ 3} Each of Counts 1 through 5 corresponded to a separate image. The trial court sentenced Purpura to a prison term on each count and ordered the counts to run concurrently to each other. The court also ordered Purpura to register as a Tier III sex offender.

{¶ 4} Purpura raises two assignments of error, claiming his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

{¶ 5} When determining whether a conviction is supported by sufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Wilks*,

2018-Ohio-1562, ¶ 156, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  When evaluating the sufficiency of the evidence, a reviewing court considers "whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *Jenks* at paragraph two of the syllabus.

{¶ 6}    When considering a manifest-weight challenge, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial."  *Wilks* at ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).  Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'"  *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 7}    As to the offenses involved herein, the relevant statutory provisions state in pertinent part as follows:

> **R.C. 2907.322 Pandering sexually oriented matter involving a minor.**
>
> (A) No person, with knowledge of the character of the material or performance involved, shall . . . (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality . . . .
>
> **R.C. 2907.323 Illegal use of minor in nudity-oriented material or performance.**

(A) No person shall . . . (1) Photograph any minor . . . in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor . . . in a state of nudity, . . . (3) Possess or view any material or performance that shows a minor . . . in a state of nudity . . . .

**R.C. 2923.24 Possessing criminal tools.**

(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.

{¶ 8} The record in this case reflects that in June 2023, the Ohio Internet Crimes Against Children ("ICAC") Task Force received a cyber tip from Dropbox concerning two files involving child exploitation material that were uploaded to a Dropbox and were linked to Purpura.

{¶ 9} In September 2023, a search warrant was executed at the home where Purpura resided, and child exploitation material was found on his cell phone. Purpura, who was on probation from a previous case, told members of the ICAC task force that the files were old and that he forgot to delete them. He also stated that if he deleted files of child exploitation material, his addiction would get worse. Further, he stated that it was an old Dropbox account that he never used and that he did not know where the files came from. However, the forensic analyst who examined Purpura's phone testified that the files were not the same as those from the previous case. The forensic analyst also provided testimony, from her training and experience, regarding certain physical and/or developmental characteristics to show that the images relating to the indicted counts were of minor children. One was a video of a minor in a state of nudity who was described as masturbating in a bathtub. The other images were each of a child in a state of nudity.

{¶ 10} The ICAC investigator, who extracted data from Purpura's phone and prepared an extraction report, noted a Dropbox account and a Snapchat application that were being used. He determined that the Dropbox application was installed on Purpura's phone on June 3, 2023. The ICAC investigator testified that there were 54 media files found on Purpura's phone that he marked as "child exploitive" or as "age difficult," meaning the individual could be under 18 but the image was marked "age difficult" to "play it safe." Some appeared to be duplicate images, and not all images resulted in charges.

{¶ 11} The ICAC investigator determined that the images were on Purpura's phone on the day the search warrant was executed. He testified regarding where files corresponding to the indicted charges were located on Purpura's phone and to their access dates and modification dates. The ICAC investigator stated that an "access date" is "[w]hen the user accesses the file," and a "modified date" typically means "when the user interacted with the file . . . in a way that modified it or wrote to the file system." He further indicated that modification dates can mean clicking on the picture, opening it, or viewing it. Though some files had the same access date and modification date, the ICAC investigator indicated this would have been the last time the user interacted with the file. Though image 54 did not have a known access or modified date, the ICAC investigator determined that it was a cache file that appeared to come from the Google Chrome application and that the image was on Purpura's phone when the device was taken from Purpura.

{¶ 12} The ICAC investigator explained that a cache file "is just an easy way to open a file you've already looked at to speed up the process," is "generated by user interaction on a device," and "is saved to load the image faster when looked at in the application it was originally opened in." In terms of Snapchat, the ICAC investigator stated that the cache file "would be generated by [the user] opening it." Although the ICAC investigator was not "100 percent certain" whether it would be enough to just receive a Snapchat that is stored on the Snapchat account without being opened, he testified that a cache file "is only created as a result of user interaction[,]" "[t]hat file isn't generated on its own[,]" and "[i]t has to be prompted to create a cache file." He further confirmed "if somebody sends you something you don't like you can delete it" or "block" the sender.

{¶ 13} Purpura testified in his defense. He denied downloading any child pornography since his prior case, he denied having knowledge of child pornography on his Snapchat account, he claimed he swiped away images he accidentally clicked on without knowing the content and tried to erase files, he claimed that he believed the persons represented in certain photos were 18 to 21 years old, and he offered other testimony in his defense. On cross-examination, Purpura conceded that in his prior case, most of the images he was getting were from Snapchat; and thereafter, he continued to use Snapchat on his new phone despite knowing child pornography images were sent to him on Snapchat.

{¶ 14} Other testimony and evidence were provided, and this court has fully reviewed the record. We limit our review to the arguments presented.

{¶ 15} Contrary to the arguments presented by appellant, sufficient evidence was presented to show as applicable that Purpura had reproduced or published the image to his device (Count 1), to show that the images were transferred (Counts 2 and 3) or attempted to be transferred (Count 5), and to show he viewed or possessed the image (Count 4). There was testimony that Purpura told members of the ICAC task force that the files were old and that he forgot to delete them, yet there was testimony that the files were not the same and multiple files were found on his device. There also was testimony to modified and access dates associated with the files and to the modification dates being indicative of the files being opened, viewed, or clicked on. The trier of fact could reasonably infer from the testimony and evidence that Purpura had knowledge of the material in the images; and for Count 4, the State presented sufficient evidence of recklessness, which is the culpable mental state to R.C. 2907.323(A)(3). For Count 6, sufficient evidence was presented for possessing criminal tools in violation of R.C. 2923.24(A). When viewing all the evidence in the record in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of each crime proven beyond a reasonable doubt. The evidence is sufficient to support appellant's conviction on each count, and we are not persuaded by any of Purpura's arguments otherwise.

{¶ 16} Furthermore, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we do not find the trial court clearly lost its way and created such a manifest miscarriage of justice that his convictions must be reversed. Although Purpura challenges the

testimony and evidence that were provided as to the age of the individuals in the images, this is not the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 17} Appellant's assignments of error are overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR