[Cite as *State v. Chavers*, 2025-Ohio-5042.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                        :

    Plaintiff-Appellee,                        :

                                      No. 114727

    v.                                                  :

JOHN CHAVERS, JR.,                                  :

    Defendant-Appellant.                        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 6, 2025

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-24-692211-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael R. Wajda, Assistant Prosecuting Attorney, *for appellee*.

Law Office of John T. Forristal and John T. Forristal, *for appellant*.

ANITA LASTER MAYS, P.J.:

**{¶1}** Defendant-appellant John Chavers, Jr. ("Chavers") appeals his convictions for felony telecommunications fraud and felony grand theft. We vacate

the appellant's convictions and remand to the trial court for further proceedings consistent with this opinion.

{¶2} After a bench trial, Chavers was found guilty of one count of telecommunications fraud, a third-degree felony, in violation of R.C. 2913.05(A); and two counts of grand theft, fourth-degree felonies, in violation of R.C. 2913.02(A)(1) and (3). The trial court sentenced Chavers to two years of community control and ordered Chavers to pay restitution in the amount of $1,504.80.

## I. Facts and Procedural History

{¶3} Chavers and his codefendants were accused of wrongfully using credit cards not belonging to them. On November 9, 2022, Chavers and one of his codefendants walked into Red Hot Wholesale ("Red Hot") looking to purchase pallets. They sought to purchase Target premium pallets containing high-end items such as electronics, using a credit card. Chavers spent several hours discussing an array of topics with Red Hot's owners. Chavers purchased two pallets of items for $1,836.02.[1] When it was time to pay, Chavers explained that he forgot his wallet and stated that he needed to call his girlfriend for her credit card information. Chavers purchased the pallets, while on speakerphone, manually entering the stolen credit card information. Chavers's codefendants

---

[1] The cost of the two pallets were $850.00 each totaling $1,700 plus $136.02 sales tax. There were credit card fees of $70.09. Total loss to Red Hot Wholesale was $1,906.11.

visited the same store later that week, purchasing additional pallets.[2]  The total loss to Red Hot was $9,028.85.

{¶4} Several days later, the actual owners of the credit card information provided by Chavers contacted the business to dispute the charges.  On June 12, 2024, Chavers was charged with the above offenses deriving from the incident on November 9, 2022.  Chavers pleaded not guilty and waived his right to a jury trial.  Prior to the start of the trial, the State nolled the furthermore clauses from the grand theft counts, amending them to theft, fifth-degree felonies, instead of fourth-degree felonies.  Tr. 32-33.  The State also agreed to charges holding each defendant in this case responsible for one-sixth of the total value of the theft, which was $1,504.80.  Tr. 22-23.  At the end of the State's case, Chavers made a Crim.R. 29 motion to dismiss, stating that "the prosecution has not met their burden."  Tr. 139.  The trial court overruled the motion.  Tr. 141.

{¶5} At the end of the trial, the trial court found Chavers guilty of one count of telecommunications fraud, a third-degree felony, in violation of R.C. 2913.05(A); and two counts of grand theft, fourth-degree felonies, in violation of R.C. 2913.02(A)(1) and (3), instead of the fifth-degree felony theft charges as amended.

{¶6} Chavers filed this appeal and assigned four errors for our review:

1.  The trial court abused its discretion by convicting Chavers of third degree felony telecommunications fraud and two counts of fourth degree felony grand theft;

---

[2] There were  a total of five codefendants.

2. The trial court erred in denying the Crim.R. 29 motion for acquittal of the telecommunications third degree felony charge;

3. The trial court erred by finding Chavers guilty of third degree felony communications fraud and two counts of fourth degree felony grand theft without sufficient evidence to support the verdicts; and

4. Ineffective assistance of counsel for failure to provide an alibi defense and failure to object to the photo lineup identification evidence.

## II. Plain Error

{¶7} In Chavers's first assignment of error he argues that the trial court abused its discretion by convicting him of third-degree felony telecommunications fraud and two counts of fourth-degree felony grand theft because the State nolled the furthermore clauses from the grand theft counts, making them fifth-degree felonies. As a result, the fifth-degree thefts would reduce the third-degree felony telecommunications fraud counts to a fourth-degree felony pursuant to R.C. 2913.05(E).

{¶8} R.C. 2913.05(E)(1) states in pertinent part:

Whoever violates this section is guilty of telecommunications fraud. Except as otherwise provided in this division, telecommunications fraud is a felony of the fifth degree. If the value of the benefit obtained by the offender or of the detriment to the victim of the fraud is one thousand dollars or more but less than seven thousand five hundred dollars, telecommunications fraud is a felony of the fourth degree.

{¶9} Although Chavers's theft relating to telecommunications fraud was actually $1,906.11, and the total detriment to the victim from all defendants was $9,028.85, the State agreed to charges holding each defendant responsible for one-

sixth of the total value of the theft, which was $1,504.80. This agreement made the value of the benefit more than a thousand dollars but less than seven thousand five hundred dollars, thereby making Chavers's telecommunications fraud count a felony of the fourth degree. Additionally, R.C. 2913.02(B)(2), states in pertinent part:

> If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree.

{¶10} Despite the amendments as stated above, the trial court found Chavers guilty of one count of telecommunications fraud, a third-degree felony, in violation of R.C. 2913.05(A); and two counts of grand theft, fourth-degree felonies, in violation of R.C. 2913.02(A)(1) and (3).

{¶11} Chavers did not object at trial to the error and has waived all but plain error for appeal. "Plain error exists when there is 'an obvious defect in the trial proceedings that affected the defendant's substantial rights, meaning that the trial court's error must have affected the outcome of the trial.'" *State v. Yantis*, 2023-Ohio-3820, ¶ 23 (2d Dist.), quoting *State v. Petticrew*, 2023-Ohio-159, ¶ 18 (2d Dist.), citing *State v. Payne*, 2007-Ohio-4642, ¶ 16. "Multiple courts have held that plain error exists when a trial court convicts a defendant of an offense that was not a lesser included offense of the crime charged." *Id. See, e.g., State v. Lampela*, 2016-Ohio-8007, ¶ 10, 11, and 21 (6th Dist.); *State v. Gary*, 117 Ohio App.3d 286,

289 (8th Dist. 1996); *State v. Campbell*, 1998 Ohio App. LEXIS 5595 (8th Dist. Nov. 25, 1998).

{¶12} "Generally speaking, 'a defendant cannot be convicted of a charge not contained in the complaint or indictment.'" (Cleaned up.) *Id*. at ¶ 24, quoting *Cleveland v. Jenkins*, 2002-Ohio-6046, ¶ 15 (8th Dist.). "'It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process.'" (Citations omitted.) *Id*., quoting *Jackson v. Virginia*, 443 U.S. 307, 314 (1979).

{¶13} However, Chavers did not argue plain error on appeal. "Where a defendant does not argue plain error on appeal, the appellate court need not consider the issue." *State v. Speights*, 2021-Ohio-1194, ¶ 14 (8th Dist.). *See, e.g., State v. Sims*, 2016-Ohio-4763, ¶ 11 (10th Dist.) (appellant did not meet burden of demonstrating error on appeal where she only preserved plain error and did not argue the existence of plain error on appeal). "'An appellate court is not obliged to construct or develop arguments to support a defendant's assignment of error and "will not" guess at undeveloped claims on appeal.'" (Cleaned up.) *Id*., quoting *State v. Jacinto*, 2020-Ohio-3722, ¶ 56 (8th Dist.). *See also State v. Collins*, 2008-Ohio-2363, ¶ 91 (8th Dist.) (it is not the duty of this court to develop an argument in support of an assignment of error if one exists); *State v. Patton*, 2021-Ohio-295, ¶ 25 (1st Dist.) ("An appeals court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal.").

{¶14} Therefore, Chavers's first assignment of error is overruled.

## II.  Crim.R. 29 Motion

{¶15} In Chavers's second assignment of error, he argues that the trial court erred in denying his Crim.R. 29 motion for acquittal of the telecommunications fraud charge, a third-degree felony, because the value of the stolen merchandise that Chavers was held responsible for was $1,504.80, thereby making Chavers's telecommunications fraud count a felony of the fourth degree.  This assignment of error is rendered moot by our decision below in the third assignment of error, where we vacate Chavers's convictions for third-degree telecommunications fraud.

## III.  Sufficiency of Evidence

{¶16} In Chavers's third assignment of error, he argues that the trial court erred by finding him guilty of third-degree felony telecommunications fraud and two counts of fourth-degree felony grand theft without sufficient evidence to support the verdicts.  "When determining whether a conviction is supported by sufficient evidence, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" (Cleaned up.)  *State v. Purpura*, 2025-Ohio-2527, ¶ 5 (8th Dist.), quoting *State v. Wilks*, 2018-Ohio-1562, ¶ 156. "When evaluating the sufficiency of the evidence, a reviewing court considers 'whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" (Cleaned Up.) *Id.*, quoting *State v. Pountney*, 2018-Ohio-22, ¶ 19.

{¶17} The evidence presented in this case demonstrates that Chavers made one phone call purportedly to his girlfriend on November 9, 2022, to purchase $1,836.02 worth of goods. Additionally, the State nolled the furthermore clauses from the grand theft counts, making them fifth-degree felonies instead of fourth-degree felonies. The State also agreed to charges holding each defendant in this case responsible for one-sixth of the total value of the theft, which was $1,504.80. The evidence is sufficient to prove Chavers guilty of fifth-degree theft and fourth-degree felony telecommunications fraud, not fourth-degree grand theft and third-degree felony telecommunications fraud. However, the trial court misspoke when rendering its verdict against Chavers.

{¶18} "Generally speaking, 'a defendant cannot be convicted of a charge not contained in the complaint or indictment.'" (Cleaned up.) *Id.* at ¶ 24, quoting *Cleveland v. Jenkins*, 2002-Ohio-6046, ¶ 15 (8th Dist.). "'It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process.'" (Citations omitted.) *Id.*, quoting *Jackson v. Virginia*, 443 U.S. 307, 314 (1979). As such, the trial court is instructed to vacate Chavers's convictions for fourth-degree grand theft and third-degree telecommunications fraud and enter convictions for fifth-degree theft and fourth-degree communications fraud. The third assignment of error is sustained.

## IV. Ineffective Assistance of Counsel

{¶19} In Chavers's fourth assignment of error, he argues that he received ineffective assistance of counsel when his trial counsel failed to provide an alibi

defense and object to the photo lineup identification evidence. In other words, Chavers argues that counsel was ineffective for failing to raise issues that might have resulted in acquittal rather than merely convictions on lesser included offenses or offenses of inferior degree. To establish ineffective assistance of counsel, Chavers must prove both that his trial counsel's performance was deficient and that he was prejudiced by the deficient performance. *State v. Farraj*, 2025-Ohio-2778, ¶ 25 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

{¶20} At trial, under cross-examination, Chavers testified that he did not commit the theft because he was at work during the time of the theft. Chavers finally stated that he could not prove he was at work because he was a temporary hire. Tr. 149. The testimony went as follows:

> State: Do you remember what you were doing back on November 9th of 2022?
>
> Chavers: Working at Hub Plastics. I have proof of that in my phone also.
> State: You have proof of that in your phone?
>
> Chavers: Yes. Of where I was and I got my check stubs printed out on that date and time.
>
> State: Are you telling me you had an alibi?
>
> Chavers: An alibi?
>
> State: That you weren't present?
>
> Chavers: Yes
>
> State: Did you provide that to your Defense Counsel?

Chavers: I gave it to him, but the thing is about that is it's not the exact date that —

State: Go ahead.

Chavers: It's not the exact date that they did it, but it's the same week I was at work, so —

State: So sometime during that week of November 9th you were working?

Chavers: Yes ma'am. I can prove it.

State: But you can't prove on November 9th?

Chavers: No. But it's during that week.

. . .

. . .

Chavers: The reason I can't prove it is when I called up there, they said since I was a temp to hire, they can't go back that far. So they going to look in the files and see what they can bring out, and they got close to it. So I told them to just send that anyway, so I got that in my phone also and I got proof of my son being a newborn at that time.

Tr. 147-149.

**{¶21}** It has been determined that "[a]n alibi defense is a complete denial that the defendant committed an act." *State v. Coleman*, 2013-Ohio-4792, ¶ 15 (8th Dist.). Chavers alleges that he was at work but could not obtain proof of his whereabouts on the date of the offense. The State introduced video evidence and eyewitness testimony by the victims identifying Chavers. This evidence introduced by the State made Chavers's alleged alibi implausible. After a review, we determine that the State's compelling evidence contradicts Chavers's suggested alibi and that

counsel's decision not to present an alibi defense did not prejudice Chavers and therefore was not ineffective assistance of counsel. *State v. Douglas*, 2018-Ohio-4455, ¶ 28 (6th Dist.).

{¶22} Chavers also argues that the photo lineup was not reliable and that his trial counsel should have objected to its being admitted into evidence. However, Chavers has not demonstrated how trial counsel's failure to object prejudiced him. At trial, both store employees identified Chavers as the person they spoke with for approximately four hours on the day Chavers stole the pallets. Chavers was also identified on store surveillance footage. "To succeed on a claim of ineffective assistance of counsel, a defendant must prove (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at ¶ 22, citing *Strickland* at 688. "Our review of ineffective assistance of counsel claims requires us to give great deference to counsel's performance." *Id.*, citing Strickland at 689. "'A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id.*, quoting *State v. Pawlak*, 2014-Ohio-2175, ¶ 69 (8th Dist.).

{¶23} Therefore, Chavers's fourth assignment of error is overruled.

{¶24} Judgment vacated, and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
DEENA R. CALABRESE, J., CONCUR